1  David T. Pritikin, <dpritikin@sidley.com> (*pro hac vice*)
   Richard A. Cederoth, <rcederoth@sidley.com> (*pro hac vice*)
2  SIDLEY AUSTIN LLP
   One S. Dearborn Street
3  Chicago, Illinois  60603
   Telephone:     (312) 853-7000
4  Facsimile:     (312) 853-7036

5  *Counsel for Plaintiffs Microsoft Corporation and eBay Inc.*

6  NOTE:  Additional counsel listed on signature pages

7

8                        UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10                              OAKLAND DIVISION

11  
    eBay Inc. and Microsoft Corporation,   )   No. 4:10-cv-4947-CW (filed Nov. 2, 2010)
12                                          )   No. 4:10-cv-5106-CW (filed Nov. 10, 2010)
         *Plaintiffs*,                      )   No. 4:10-cv-5108-CW (filed Nov. 10, 2010)
13                                          )
       vs.                                  )   **MICROSOFT AND EBAY'S COMBINED**
14                                          )   **OPPOSITION TO DEFENDANTS'**
    PartsRiver, Inc. and Kelora Systems, LLC, )   **MOTIONS TO DISMISS**
15                                          )
         *Defendants*.                      )   Hr'g Date:    Thursday, Mar. 17, 2011
16                                          )   Hr'g Time:    2:00 p.m.
                                            )   Place:        Courtroom 2, 4th Floor
17  eBay Inc.,                              )
                                            )
18       *Plaintiff and Counterclaim-Defendant*, )
                                            )
19     vs.                                  )
                                            )
20  PartsRiver, Inc. and Kelora Systems, LLC, )
                                            )
21       *Defendants and Counterclaim-Plaintiff.* )
                                            )
22                                          )
    Microsoft Corporation,                  )
23                                          )
         *Plaintiff and Counterclaim-Defendant*, )
24                                          )
       vs.                                  )
25                                          )
    PartsRiver, Inc. and Kelora Systems, LLC, )
26                                          )
         *Defendants and Counterclaim-Plaintiff.* )
27                                          )

28

## NOTICE

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:  Please take notice that eBay Inc. and Microsoft Corporation are hereby filing a combined opposition to the following three motions to dismiss:

- PartsRiver and Kelora's motion to dismiss Case No. 10-4947 (Feb. 10, 2011) [Docket No. 17]
- PartsRiver's motion to be dismissed from Case No. 10-5106 (Feb. 10, 2011) [Docket No. 22]
- PartsRiver's motion to be dismissed from Case No. 10-5108 (Feb. 10, 2011) [Docket No. 19]

This combined opposition is based on (i) the Memorandum of Points and Authorities below, (ii) the attached Exhibits A to F, and (iii) the Declaration of Marc. R. Ascolese with Exhibit A and Exhibits 1–53, all of which are being submitted today, February 24, 2011.  An identical copy of these papers is being filed in each of Case Nos. 10-4947-CW, -5106-CW, and -5108-CW.

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. ISSUES TO BE DECIDED ............................................................................................ 2

III. FACTS ............................................................................................................................ 2

IV. ARGUMENT .................................................................................................................. 3

    A. PartsRiver should not be dismissed from Case Nos. 10-4947, -5106, and -5108 because it still has an interest in the '821 patent, and if the Court has any doubts about PartsRiver's interest, then eBay and Microsoft should be allowed to pursue jurisdictional discovery ................................................................................. 3

    B. Even if PartsRiver is dismissed from Case No. 10-4947, that action should still proceed against Kelora because "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determie jurisdiction" ............................................................... 6

V. CONCLUSION ............................................................................................................... 9

# TABLE OF AUTHORITIES

### Cases

*Cat Tech LLC v. TubeMaster, Inc.*,
　　528 F.3d 871 (Fed. Cir. 2008) .................................................................................................. 5

*ConnectU LLC v. Zuckerberg*,
　　522 F.3d 82 (1st Cir. 2008) .................................................................................................. 2, 7

*Krupski v. Costa Crociere S.p.A.*,
　　130 S. Ct. 2485 (2010) ............................................................................................................ 9

*Newmatic Sounds Sys., Inc. v. Magnacoustics, Inc.*,
　　No. 10-129, 2010 WL 1691862 (N.D. Cal. Apr. 23, 2010) (White, J.) ................................ 2, 7

*Prasco, LLC v. Medicis Pharm. Corp.*,
　　537 F.3d 1329 (Fed. Cir. 2008) ............................................................................................ 2, 7

*Rockwell Int'l Corp. v. United States*,
　　549 U.S. 457 (2007) .............................................................................................................. 2, 7

*Trend Micro Corp. v. Whitecell Software, Inc.*,
　　No. 10-2248, 2010 WL 4722504 (N.D. Cal. Nov. 15, 2010) (Alsup, J.) ............................. 1, 6

### Statutes

35 U.S.C. § 261 ................................................................................................................................ 4

### Regulations

37 C.F.R. § 3.54 ............................................................................................................................... 3

### Rules

Fed. R. Civ. P. 15 .................................................................................................................. 7, 8, 9

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The three motions to dismiss present two related issues, which are addressed in this combined opposition brief: First, should PartsRiver be dismissed from all the declaratory judgment actions filed by eBay and Microsoft on the basis that PartsRiver allegedly assigned the '821 patent-in-suit to Kelora, and second, if PartsRiver is dismissed, should the earliest declaratory judgment action (No. 10-4947) be dismissed entirely — including the claims against Kelora concerning the '821 patent?

***PartsRiver should not be dismissed***: PartsRiver should not be dismissed from any of the declaratory judgment actions because PartsRiver is continuing to litigate the '821 patent against eBay and Microsoft. Indeed, pending before this Court in Case No. 09-811 is PartsRiver's motion to vacate this Court's summary judgment of invalidity of the '821 patent, *see* Ex. A — a hard-fought judgment that took eBay and Microsoft almost two years to secure, *see* Ascolese Decl. Exs. 9–24. PartsRiver's alleged assignment of the '821 patent to Kelora does not mandate a different result. Even if the allegation is true — an open question of fact — the fact remains that PartsRiver and Kelora are working together to avoid this Court's summary judgment of invalidity so that they can continue to assert the '821 patent, as confirmed by Kelora's recent claims against eBay and Microsoft in this Court, *see* Exs. B–C, and Kelora's claims against dozens of defendants in Wisconsin, *see* Ascolese Decl. Exs. 46, 49. Unsurprisingly, both PartsRiver and Kelora are operated by the same person (Sherif Danish, the first-named inventor of the '821 patent) and both are represented by the same lawyers from the same law firm (Manatt, Phelps & Phillips LLP). If the Court has any doubts about PartsRiver's continued interest in the '821 patent, then eBay and Microsoft should be allowed to pursue jurisdictional discovery before the motions to dismiss are decided. *See, e.g.*, *Trend Micro Corp. v. Whitecell Software, Inc.*, No. 10-2248, 2010 WL 4722504, at *4–*5 (N.D. Cal. Nov. 15, 2010) (Alsup, J.) (allowing jurisdictional discovery given "potentially collusive maneuver to divest this Court of jurisdiction").

***Even if PartsRiver is dismissed, Case No. 10-4947 should still proceed against Kelora***: Regardless of whether PartsRiver is dismissed, it is undisputed that eBay and Microsoft have a

-1-
OPPOSITION TO MOTIONS TO DISMISS — Nos. 10-4947-CW, -5106-CW, -5108-CW

controversy with Kelora concerning the '821 patent, and thus the earliest declaratory judgment action (No. 10-4947) should still proceed against Kelora. Indeed, Kelora does not dispute that the other two declaratory judgment actions filed by eBay and Microsoft should proceed (Nos. 10-5106 and 10-5108), so it would make little sense to conclude that the earliest declaratory judgment action — which is nearly identical to the other two and was filed only eight days earlier — should be dismissed for lack of a controversy. The fact that the earliest declaratory judgment action originally named only PartsRiver as a defendant does not provide a basis for dismissal because shortly after eBay and Microsoft learned about the alleged assignment of the '821 patent from PartsRiver to Kelora, eBay and Microsoft *amended* that complaint *as of right* to add Kelora as a defendant to avoid any doubts about this Court's jurisdiction. And according to the Supreme Court, "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the *amended* complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473–74 (2007) (emphasis added); *accord Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1337 (Fed. Cir. 2008); *ConnectU LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008). The lower court case cited by Kelora in support of dismissal did not address this precedent, and is distinguishable in any event because the plaintiff in that action waited until *after* a motion to dismiss had been filed to try to amend its complaint. *See Newmatic Sounds Sys., Inc. v. Magnacoustics, Inc.*, No. 10-129, 2010 WL 1691862, at *1 (N.D. Cal. Apr. 23, 2010) (White, J.).

## II.  ISSUES TO BE DECIDED

This motion presents the following issues for the Court to decide:

- Should PartsRiver be dismissed from Case Nos. 10-4947, 10-5106, and 10-5108 for lack of a case or controversy concerning the '821 patent? (No.)

- In the alternative, should eBay and Microsoft be allowed to pursue jurisdictional discovery concerning PartsRiver's interest in the '821 patent? (Yes.)

- If PartsRiver is dismissed from Case No. 10-4947, should the entire action (including the claims against Kelora concerning the '821 patent) be dismissed for lack of a case or controversy? (No.)

## III.  FACTS

The facts relevant to this motion were detailed in the opposition to PartsRiver's motion to vacate this Court's summary judgment that claims 1 and 2 of the '821 patent are invalid, *see*

1  Ascolese Decl. Ex. A at 2:26–6:23 & Ex. 1 (timeline of events).  PartsRiver's motion to vacate is
2  still pending before this Court, so this brief assumes familiarity with the relevant facts and only
3  repeats them where necessary.

4  **IV.    ARGUMENT**

5      **A.    PartsRiver should not be dismissed from Case Nos. 10-4947, -5106, and
         -5108 because it still has an interest in the '821 patent, and if the Court
6           has any doubts about PartsRiver's interest, then eBay and Microsoft
         should be allowed to pursue jurisdictional discovery**
7

8         PartsRiver argues that it should be dismissed because it allegedly assigned the '821 patent to
9  Kelora effective October 11, 2010.  *See* Ascolese Decl. Ex. 38.  To the contrary, PartsRiver is
10 continuing to litigate the '821 patent against eBay and Microsoft in this Court, and the alleged
11 assignment appears to be little more than a litigation strategy to try to avoid this Court's summary
12 judgment of invalidity.
13        First, PartsRiver has not produced the agreement that allegedly assigned the '821 patent to
14 Kelora.  The document recorded with the Patent Office refers to a "Contribution Agreement" as the
15 operative agreement:

16          [T]his Assignment is intended to record and confirm the transfer and
         assignment to Assignee of the Patents (as defined below) ***in***
17          ***accordance with the Contribution Agreement and is not intended to
         modify, alter, limit or in any other way affect the rights of the Parties***
18          ***with respect to the Transferred Assets under the Contribution
         Agreement*** . . . .
19

20 *See* Ascolese Decl. Ex. 38 at Frame 0635 (emphasis added).  PartsRiver has never produced the
21 "Contribution Agreement," so it is not known whether Kelora really acquired any rights in the '821
22 patent on October 11, 2010.  Indeed, the "Assignment" explicitly asserts *not* to limit any rights
23 PartsRiver retained under the "Contribution Agreement."  Thus without the "Contribution
24 Agreement," the actual effect of the "Assignment" on PartsRiver's interest in the '821 patent is
25 unclear.  The fact the Patent Office has recorded the "Assignment" does not mean an assignment has
26 actually taken place.  *See* 37 C.F.R. § 3.54.  To the contrary, recording an "assignment" is a purely
27 ministerial act that "is not a determination by the Office of the validity of the document or the effect
28 that document has on the title to an application, a patent, or a registration."  *Id.*  Furthermore, there

1  may have been *subsequent* agreements affecting the ownership of the '821 patent, and there is no
2  requirement that such agreements be recorded with the Patent Office, *see* 35 U.S.C. § 261.  Thus it is
3  telling that neither PartsRiver nor Kelora has provided any affirmative evidence about the current
4  ownership of the '821 patent.
5        Second, it seems fairly clear that Kelora is simply an entity that PartsRiver created for the
6  sole purpose of trying to avoid this Court's summary judgment of invalidity.  Both PartsRiver and
7  Kelora are operated by the same person (Sherif Danish, the first-named inventor of the '821 patent)
8  and both are represented by the same lawyers from the same law firm (Manatt, Phelps & Phillips
9  LLP).  The timeline of events since May 2010 is telling.  *See* Ascolese Decl. Ex. A at 2:26–6:23 &
10 Ex. 1 (timeline of events).  In May 2010, Danish became the CEO of PartsRiver.  *See* Ascolese Decl.
11 Ex. 30.  It is important to remember that Danish was the primary force behind PartsRiver's original
12 lawsuit against eBay and Microsoft.  *See, e.g.*, *id.* Exs. 3, 6, 7, 8 & Ex. 15 at 35:4–37:9, 51:6–:21,
13 194:3–195:1.  After Danish became the CEO of PartsRiver in May 2010, he created the website
14 Kelora.com, *see id.* Exs. 34–35; Kelora was created as a legal entity, *see id.* Exs. 37, 39; and on
15 October 7, 2010, PartsRiver allegedly assigned rights in the '821 patent to Kelora with an effective
16 date of October 11, 2010, *see id.* Ex. 38.
17       But PartsRiver never told anyone about the alleged assignment to Kelora effective October
18 11, 2010, which is consistent with the conclusion that the creation of Kelora was merely a litigation
19 strategy by PartsRiver and Kelora to try to avoid this Court's summary judgment of invalidity.
20 Indeed, even after the alleged assignment secretly took place on October 11, 2010, PartsRiver
21 continued to litigate the '821 patent as if it still owned the patent and nothing had happened.  On
22 October 15, 2010, PartsRiver filed a brief with the Federal Circuit that made no mention of Kelora,
23 *see id.* Ex. 40, and on October 27, 2010, PartsRiver filed another brief with the Federal Circuit that
24 again made no mention of Kelora, *see id.* Ex. 42.  In fact, at no time before eBay and Microsoft filed
25 their declaratory judgment action against PartsRiver on November 2, 2010, did PartsRiver ever
26 reveal the existence of Kelora to eBay or Microsoft, their counsel, or the Federal Circuit.  *See*
27 Ascolese Decl. ¶¶ 5–7. Most notably, the briefs filed by PartsRiver in the Federal Circuit after the
28 alleged assignment to Kelora were signed by the law firm Manatt, Phelps & Phillips LLP, which is

1  the same firm that filed a complaint for Kelora in Wisconsin less than two weeks later, *see id.* Ex.
2  46, and is the same firm that recently filed claims by Kelora against eBay and Microsoft in this
3  Court, *see* Exs. B–C.  Thus there is little doubt that PartsRiver, Kelora, Danish, and the lawyers at
4  Manatt Phelps are all working together to try to continue litigating the '821 patent, notwithstanding
5  this Court's summary judgment of invalidity.

6      Finally, and perhaps most tellingly, PartsRiver is *still* litigating the '821 patent against eBay
7  and Microsoft.  Pending before this Court in Case No. 09-811 is PartsRiver's motion to vacate this
8  Court's summary judgment of invalidity of the '821 patent.  *See* Ex. A.  PartsRiver filed the motion
9  to vacate on December 23, 2010 — long after it allegedly assigned all rights in the '821 patent to
10 Kelora.  *See id.*  And once again, PartsRiver's brief made absolutely no mention of Kelora.  *See id.*

11     With this background, it is understandable why eBay and Microsoft filed their declaratory
12 judgment action against PartsRiver, *see* Ascolese Decl. Ex. 44, and it is understandable why eBay
13 and Microsoft have continued to name PartsRiver as a defendant even after learning about the
14 alleged assignment to Kelora, *see id.* Exs. 47–48, 50–52.  PartsRiver and Kelora are working
15 together to assert the '821 patent, and the best way to resolve the litigation over the '821 patent is to
16 keep them *both* before this Court.  Indeed, the Declaratory Judgment Act was specifically created to
17 deal with companies like PartsRiver and Kelora.  *See, e.g.*, *Cat Tech LLC v. TubeMaster, Inc.*, 528
18 F.3d 871, 878–79 (Fed. Cir. 2008) (discussing history of the Declaratory Judgment Act).  As a result,
19 there is no "facile, all-purpose standard to police the line between declaratory judgment actions
20 which satisfy the case or controversy requirement and those that do not."  *Id.* at 879.  Instead, "the
21 analysis must be calibrated to the particular facts of each case, with the fundamental inquiry being
22 whether the facts alleged, under all the circumstances, show that there is a substantial controversy,
23 between parties having adverse legal interests, of sufficient immediacy and reality to warrant the
24 issuance of a declaratory judgment."  *Id.* (internal quotation marks omitted).

25     The particular facts of this case show that there is a substantial controversy between
26 PartsRiver on the one hand, and eBay and Microsoft on the other hand, of sufficient immediacy and
27 reality to warrant the issuance of a declaratory judgment.  None of the cases cited by PartsRiver
28 requires a different result, because none has a fact pattern resembling anything like the facts in this

-5-
OPPOSITION TO MOTIONS TO DISMISS — Nos. 10-4947-CW, -5106-CW, -5108-CW

1   case. And if the Court has any doubts about PartsRiver's continued interest in the '821 patent, then
2   eBay and Microsoft should be allowed to pursue jurisdictional discovery before the motions to
3   dismiss are decided. *See, e.g.*, *Trend Micro Corp. v. Whitecell Software, Inc.*, No. 10-2248, 2010
4   WL 4722504, at *4–*5 (N.D. Cal. Nov. 15, 2010) (Alsup, J.) (allowing jurisdictional discovery
5   given "potentially collusive maneuver to divest this Court of jurisdiction"). Attached are the limited
6   discovery requests concerning jurisdiction that eBay and Microsoft would pursue. *See* Exs. D–F.

   **B.    Even if PartsRiver is dismissed from Case No. 10-4947, that action should
          still proceed against Kelora because "when a plaintiff files a complaint in
          federal court and then voluntarily amends the complaint, courts look to
          the amended complaint to determine jurisdiction"**

10      Regardless of whether PartsRiver is dismissed, it is undisputed that eBay and Microsoft have
11  a controversy with Kelora concerning the '821 patent, *see, e.g.*, Exs. B–C, and thus the earliest
12  declaratory judgment action (No. 10-4947) should still proceed against Kelora. The timeline of
13  events was as follows:

- November 2, 2010: eBay and Microsoft filed Civil Action No. 10-4947 against PartsRiver (not knowing about the existence of Kelora). *See* Ascolese Decl. Ex. 44.
- December 21, 2010: eBay and Microsoft filed an amended complaint as of right in Civil Action No. 10-4947 against both PartsRiver and Kelora. *See* Ascolese Decl. Ex. 50.
- February 10, 2011: Instead of answering, both PartsRiver and Kelora filed the motion to dismiss presently before the Court. *See* Docket No. 17.

19      Kelora's argument in favor of dismissal is premised on the fact that the original complaint on
20  November 2, 2010 only named PartsRiver. Thus if PartsRiver remains as a party, it is undisputed
21  that Kelora's motion to dismiss Case No. 10-4947 must be denied. But even if PartsRiver is
22  dismissed, that does not provide a basis for dismissing Case No. 10-4947, because the original
23  complaint in that action was ***superseded*** by an amended complaint, filed as of right, that named
24  Kelora as a party, and thus this Court must look to the ***amended*** complaint to determine jurisdiction.
25  Kelora does not dispute that the other two declaratory judgment actions filed by eBay and Microsoft
26  should proceed (Nos. 10-5106 and 10-5108), *see* Exs. B–C, so it would make little sense to conclude
27  that the earliest declaratory judgment action — which is nearly identical to the other two and was
28  filed only eight days earlier — should be dismissed for lack of a controversy.

The Supreme Court has confirmed that jurisdiction turns on the ***amended*** complaint: "[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the ***amended*** complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473–74 (2007) (emphasis added).

Following the Supreme Court's lead, the First Circuit recently found jurisdiction in a case like this one where the original complaint allegedly did not provide jurisdiction but the amended complaint did: "[T]he amended complaint, filed as of right, superseded and replaced the original complaint; . . . the time-of-filing rule does not apply to such a case; and . . . the district court erred in looking to the original complaint and applying the time-of-filing rule." *ConnectU LLC v. Zuckerberg*, 522 F.3d 82, 96 (1st Cir. 2008).[†]

The Federal Circuit has not addressed the precise fact pattern presented by this case, but none of the Federal Circuit's cases are to the contrary, and the Federal Circuit has cited the Supreme Court's decision in *Rockwell* and the First Circuit's decision in *ConnectU* with approval. *See Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1337 (Fed. Cir. 2008).

The lower court case cited by Kelora in support of dismissal did not address the precedent discussed above, and is distinguishable in any event because the plaintiff in that action waited until ***after*** a motion to dismiss had been filed to try to amend its complaint. *See Newmatic Sounds Sys., Inc. v. Magnacoustics, Inc.*, No. 10-129, 2010 WL 1691862, at *1 (N.D. Cal. Apr. 23, 2010) (White, J.). In this case, by way of contrast, eBay and Microsoft amended their complaint, as of right, ***before*** PartsRiver and Kelora had even been served with any papers in the case. The First Circuit found this distinction important. *See ConnectU*, 522 F.3d at 95–96 (emphasizing that the "amended complaint was filed *as of right* and became the operative complaint without judicial intervention and before any jurisdictional challenge had surfaced").

Indeed, to grant Kelora's motion to dismiss would be to read Rule 15 out of existence. Reprinted below is the relevant text of Rule 15:

---

[†] The underlying facts of this case became the basis for the movie *The Social Network*, which will be considered for the Academy Award for "Best Picture" on February 27, 2011.

-7-
OPPOSITION TO MOTIONS TO DISMISS — Nos. 10-4947-CW, -5106-CW, -5108-CW

**Rule 15. Amended and Supplemental Pleadings**

(a) AMENDMENTS BEFORE TRIAL.

(1) *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

. . . .

(c) RELATION BACK OF AMENDMENTS.

(1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:

. . .

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

. . . .

(d) SUPPLEMENTAL PLEADINGS. On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

1 Fed. R. Civ. P. 15.

2 eBay and Microsoft filed their amended complaint as a matter of right in accordance with Rule 15(a)(1)(A). Under Kelora's theory, that rule would be a nullity — according to Kelora, a plaintiff is stuck with the jurisdictional allegations in its original complaint and there is no way to change them. Kelora's theory would also nullify Rule 15(c), which provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment changes the party or the naming of the party against whom a claim is asserted . . . and . . . the party to be brought in by amendment . . . knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." *See generally Krupski v. Costa Crociere S.p.A.*, 130 S. Ct. 2485 (2010) (9-0 decision) (examining Rule 15(c)). The facts of this case fit Rule 15(c) perfectly. The alleged assignment from PartsRiver to Kelora was done in secret and was never disclosed to eBay and Microsoft despite the ongoing litigation over the '821 patent in the Federal Circuit. *See* Ascolese Decl. ¶¶ 5–7. To the extent Kelora really owns the '821 patent now, it obviously "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity," *see* Fed. R. Civ. P. 15(c)(1)(C)(ii).

The cases and Rule 15 both support the conclusion that jurisdiction in this case turns on the amended complaint, not the original complaint. It is undisputed that the amended complaint against Kelora states a controversy under the Declaratory Judgment Act, and thus Kelora's motion to dismiss Case No. 10-4947 should be denied.

## V.  CONCLUSION

For all of these reasons, the three motions to dismiss should all be DENIED. In the alternative, jurisdictional discovery should be granted with respect to PartsRiver's motions to be dismissed from Case Nos. 10-4947, -5106, and -5108, and Kelora's motion to dismiss Case No. 10-4947 should be DENIED.

Dated: February 24, 2011                    By: /s/ Richard A. Cederoth

        David T. Pritikin (*pro hac vice*)
          <dpritikin@sidley.com>
        Richard A. Cederoth (*pro hac vice*)
          <rcederoth@sidley.com>
        SIDLEY AUSTIN LLP
        One S. Dearborn Street
        Chicago, Illinois  60603
        Telephone:    (312) 853-7000
        Facsimile:     (312) 853-7036

        Theodore W. Chandler (Bar No. 219456)
          <tchandler@sidley.com>
        SIDLEY AUSTIN LLP
        555 West Fifth Street, Suite 4000
        Los Angeles, California  90013
        Telephone:    (213) 896-6000
        Facsimile:     (213) 896-6600

        Marc R. Ascolese (Bar No. 251397)
          <mascolese@sidley.com>
        SIDLEY AUSTIN LLP
        555 California Street, Suite 2000
        San Francisco, California  94104
        Telephone:    (415) 772-1200
        Facsimile:     (415) 772-7400

        <Kelora-Microsoft-eBay@sidley.com>

        David E. Killough (Bar No. 110719)
          <davkill@microsoft.com>
        MICROSOFT CORPORATION
        One Microsoft Way, 8/2076
        Redmond, Washington  98052
        Telephone:    (425) 703-8865
        Facsimile:     (425) 869-1327

        *Counsel for Plaintiff Microsoft Corporation*

| | |
|---|---|
| Dated: February 24, 2011 | By: /s/ Richard A. Cederoth |

David T. Pritikin (*pro hac vice*)
&lt;dpritikin@sidley.com&gt;
Richard A. Cederoth (*pro hac vice*)
&lt;rcederoth@sidley.com&gt;
SIDLEY AUSTIN LLP
One S. Dearborn Street
Chicago, Illinois  60603
Telephone:   (312) 853-7000
Facsimile:    (312) 853-7036

Theodore W. Chandler (Bar No. 219456)
&lt;tchandler@sidley.com&gt;
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California  90013
Telephone:   (213) 896-6000
Facsimile:    (213) 896-6600

Marc R. Ascolese (Bar No. 251397)
&lt;mascolese@sidley.com&gt;
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California  94104
Telephone:   (415) 772-1200
Facsimile:    (415) 772-7400

&lt;Kelora-Microsoft-eBay@sidley.com&gt;

*Counsel for Plaintiff eBay Inc.*

# EXHIBITS

Ex. A: PartsRiver's motion to vacate the summary judgment that claims 1 and 2 of the '821 patent are invalid (Dec. 23, 2010) [Case No. 09-811, Docket No. 260]

Ex. B: Kelora's answer to eBay's declaratory judgment action and counterclaims asserting infringement of the '821 patent by eBay (Feb. 10, 2011) [Case No. 10-5106, Docket No. 21]

Ex. C: Kelora's answer to Microsoft's declaratory judgment action and counterclaims asserting infringement of the '821 patent by Microsoft (Feb. 10, 2011) [Case No. 10-5108, Docket No. 18]

Ex. D: eBay and Microsoft's Requests for Production of Documents re: Jurisdiction (Feb. 24, 2011)

Ex. E: eBay and Microsoft's Interrogatories re: Jurisdiction (Feb. 24, 2011)

Ex. F: eBay and Microsoft's Notice of 30(b)(6) Deposition(s) re: Jurisdiction (Feb. 24, 2011)

### SIGNATURE ATTESTATION

Pursuant to General Order No. 45(X)(B), I hereby certify that concurrence in the filing of this document has been obtained from each of the other signatories shown above.

/s/ Marc R. Ascolese