IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EBAY INC. and MICROSOFT CORPORATION, | | No. C 10-4947 CW |
|     Plaintiffs, | | ORDER GRANTING IN PART AND DENYING IN PART PARTSRIVER, INC. AND KELORA SYSTEMS LLC'S MOTION TO DISMISS (Docket No. 17) |
|   v. | | |
| PARTSRIVER, INC., and KELORA SYSTEMS, LLC, | | |
|     Defendants. | / | |
| EBAY INC., | | No. C 10-5106 CW |
|     Plaintiff, | | ORDER GRANTING PARTSRIVER, INC.'S MOTION TO DISMISS (Docket No. 22) |
|   v. | | |
| PARTSRIVER, INC., and KELORA SYSTEMS, LLC, | | |
|     Defendants. | / | |
| MICROSOFT CORPORATION, | | No. C 10-5108 CW |
|     Plaintiff, | | ORDER GRANTING PARTSRIVER, INC.'S MOTION TO DISMISS (Docket No. 19) |
|   v. | | |
| PARTSRIVER, INC., and KELORA SYSTEMS, LLC, | | |
|     Defendants. | / | |

In these related cases, Plaintiffs eBay Inc. and Microsoft Corporation seek declaratory judgments of non-infringement and invalidity of U.S. Patent No. 6,275,821 ('821 patent). Defendants PartsRiver, Inc., and Kelora Systems, LLC, move to dismiss Case No.

C 10-4947 CW (4947 action) in its entirety for lack of subject matter jurisdiction. PartsRiver, on its own, moves to dismiss the claims against it in Case Nos. C 10-5106 CW (5106 action) and 10-5108 CW (5108 action). eBay and Microsoft oppose the motions. The motions were heard on March 17, 2011. Having considered oral argument and the papers submitted by the parties, the Court GRANTS in part and DENIES in part PartsRiver and Kelora's motion to dismiss the 4947 action and GRANTS PartsRiver's motions to dismiss the claims brought against it in the 5106 and 5108 actions.

## BACKGROUND

The three above-captioned cases and Shopzilla, Inc. v. Kelora Systems, LLC, Case No. C 11-0502 CW (0502 action), are related to PartsRiver, Inc. v. Shopzilla, Inc., Case No. C 09-0811 CW. However, PartsRiver is not named as a defendant in the 0502 action.

In PartsRiver, eBay, Microsoft and Shopzilla, Inc., counterclaimed for declarations of non-infringement and invalidity with regard to claims 1 and 2 of the '821 patent. The Court held that the claims were invalid based on the on-sale bar, 35 U.S.C. § 102(b). During the pendency of its appeal of the Court's judgment, PartsRiver proposed amendments to claims 1 and 2 in ex parte re-examination proceedings in the U.S. Patent and Trademark Office (PTO).

On November 2, 2010, the day before the Federal Circuit was to hold oral argument on PartsRiver's appeal, the PTO re-published the '821 patent, reflecting PartsRiver's amendments to claims 1 and 2. PartsRiver then moved to dismiss its appeal, asserting that the appeal was moot because the claims this Court held to be invalid no

2

longer existed. The Federal Circuit granted PartsRiver's motion on November 8, 2010, but left it to this Court to determine whether vacatur was appropriate.

eBay and Microsoft filed the 4947 action on November 2, 2010, seeking declarations that they do not infringe amended claims 1 and 2 of the '821 patent and that these claims are invalid. eBay and Microsoft also seek a declaration that amended claims 1 and 2 are not legally identical to the scope of any of the original claims of the '821 patent. Originally, PartsRiver was the only named Defendant. On December 21, 2010, Plaintiffs filed an amended complaint to add Kelora Systems, LLC, as a Defendant.

On November 10, 2010, eBay filed the 5106 action, which involves the same claims brought in the 4947 action. However, at the time it filed the 5106 action, eBay asserted its claims against PartsRiver and Kelora. The same day, Microsoft filed the 5108 action, which also involves the same claims brought in the 4947 action. Microsoft named PartsRiver and Kelora as Defendants in its complaint in the 5108 action. In the 5106 and 5108 actions, Kelora has answered eBay's and Microsoft's respective complaints and has counterclaimed for infringement of the '821 patent.

PartsRiver disavows any ownership or rights to the '821 patent. It points to a patent assignment, effective October 11, 2010, which transferred ownership of the '821 patent, among others, from PartsRiver to Kelora. The assignment states,

> [PartsRiver] hereby irrevocably assigns, transfers and sells, and confirms the assignment, transfer and sale, to [Kelora] all of [PartsRiver's] rights, title and interest in and to the Patents, including without limitation all inventions claimed or disclosed therein, any patents that

3

> may issue from such patent applications, any foreign counterparts, patents, or patent applications to which any of the Patents claims priority, divisionals, continuations in whole or in part, substitutes, reexaminations, reissues or extensions, the right to claim priority to any of the preceding, all claims for damages or equitable remedies by reason of past infringements of any of the Patents, and the right to sue for and collect damages and seek all other remedies as may be available.

Hansen Decl., Ex. A, at 0635. The patents were transferred pursuant to the patent assignment and a "Contribution Agreement" and "for and in consideration of the sum of One Dollar ($1.00) and other good and valuable consideration." Id.

## LEGAL STANDARD

Subject matter jurisdiction is a threshold issue which goes to the power of the court to hear the case. Federal subject matter jurisdiction must exist at the time the action is commenced. GAF Building Materials Corp. v. Elk Corp. of Dallas, 90 F.3d 479, 483 (Fed. Cir. 1996). To sustain subject matter jurisdiction in the declaratory judgment context, an "actual controversy" must exist. Janssen Pharmaceutica, N.V. v. Apotex, Inc., 540 F.3d 1353, 1359 (Fed. Cir. 2008). When such a controversy is lacking, dismissal is appropriate under Rule 12(b)(1) because the district court lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1).

## DISCUSSION

The Declaratory Judgment Act permits a federal court to "declare the rights and other legal relations" of parties to "a case of actual controversy." 28 U.S.C. § 2201. The "actual controversy" requirement of the Act is the same as the "case or

4

controversy" requirement of Article III of the United States Constitution. Teva Pharm. USA, Inc. v. Novartis Pharm. Corp., 482 F.3d 1330, 1337 (Fed. Cir. 2007). Exercise of declaratory judgment jurisdiction is discretionary. Cat Tech LLC v. TubeMaster, Inc., 528 F.3d 871, 883 (Fed. Cir. 2008).

Once jurisdiction is challenged, the "burden is on the party claiming declaratory judgment jurisdiction to establish that such jurisdiction existed at the time the claim for declaratory relief was filed and that it has continued since." Benitec Australia, Ltd. v. Nucleonics, Inc., 495 F.3d 1340, 1344 (Fed. Cir. 2007). In cases implicating federal question jurisdiction, when "a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." Rockwell Int'l Corp. v. United States, 549 U.S. 457, 473 (2007); see also Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008). Although "later events may not create jurisdiction where none existed at the time of filing, the proper focus in determining jurisdiction are the facts existing at the time the complaint under consideration was filed." Prasco, LLC v. Medicis Pharm. Corp., 537 F.3d 1329, 1337 (Fed. Cir. 2008) (citation and quotation and editing marks omitted; emphasis in original).

PartsRiver's motions to dismiss for lack of subject matter jurisdiction are both based on the same argument: because it no longer has any rights to the '821 patent, it lacks standing to bring an infringement suit against eBay and Microsoft and, therefore, eBay and Microsoft cannot maintain their declaratory

5

judgment actions regarding the '821 patent against it. PartsRiver proffers the October 11, 2010 patent assignment, which transfers all rights to the '821 patent to Kelora.

eBay and Microsoft do not have an actual controversy with PartsRiver. They offer no evidence suggesting that PartsRiver may, notwithstanding the assignment, bring a patent infringement action based on the '821 patent. Further, eBay and Microsoft have not justified their request for jurisdictional discovery into the relationship between PartsRiver and Kelora. Even if the two entities were connected, such a link would not enable PartsRiver to sue for infringement of the '821 patent. PartsRiver has repudiated, through its representations before the PTO and this Court, any rights to the '821 patent, including the right to bring an infringement lawsuit. Accordingly, the Court grants PartsRiver's motions to dismiss the claims against it in the 5106 and 5108 actions. In addition, PartsRiver and Kelora's motion to dismiss in the 4947 action must be granted, to the extent it seeks dismissal of the claims against PartsRiver in that case.

PartsRiver and Kelora's motion, however, also seeks dismissal of the 4947 action in its entirety. They assert that, because PartsRiver was the only Defendant named in the original complaint, the Court lacked subject matter jurisdiction over that action at the time it was filed. However, eBay and Microsoft amended their complaint to name Kelora as a Defendant, with which they had an actual controversy at the time they initiated the 4947 action. Subject matter jurisdiction "'depends on the state of things at the time of the action brought.'" Rockwell, 549 U.S. at 473 (quoting

6

Mullan v. Torrance, 9 Wheat. 537, 539 (1824)). As the Rockwell Court noted, "The state of things and the originally alleged state of things are not synonymous." 549 U.S. at 473. Neither PartsRiver nor Kelora dispute that eBay and Microsoft had an actual controversy with Kelora at the time the 4947 action was filed. Thus, that eBay and Microsoft named Kelora in their Amended Complaint and not in their original pleading does not require dismissal of the 4947 action for lack of subject matter jurisdiction. See id. 549 U.S. at 473.

PartsRiver and Kelora cite Schreiber Foods, Inc. v. Beatrice Cheese, Inc., 402 F.3d 1198 (Fed. Cir. 2005), and Enzo APA & Son, Inc. v. Geapag A.G., 134 F.3d 1090 (Fed. Cir. 1998), neither of which addressed the issue here. Schreiber was a coercive action brought by the patentee, not a declaratory judgment action. 402 F.3d at 1200-01. Thus, the inquiry there was whether the plaintiff patentee had a right to sue for infringement at the time the lawsuit was filed. Id. at 1203. In Enzo, the Federal Circuit determined that the declaratory judgment defendant lacked standing to sue for patent infringement at the time the action was filed. 134 F.3d at 1094. Because the actual patentee was never joined, the court concluded that the court lacked jurisdiction over the declaratory judgment action. Id. ("Having found Geapag to be without standing for failing to join the patentee, it follows that the court lacks jurisdiction over Enzo's declaratory judgment claims under Fed. R. Civ. P. 19 for nonjoinder."). Here, eBay and Microsoft had an actual controversy concerning the '821 patent at the time they filed the 4947 action and they have named Kelora, the

7

current holder of the '821 patent, as a Defendant.

Accordingly, PartsRiver and Kelora's motion is denied, to the extent that they seek dismissal of the 4947 action in its entirety.

## CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part PartsRiver and Kelora's motion to dismiss the 4947 action (Case No. C 10-4947 CW, Docket No. 17). eBay and Microsoft's claims against PartsRiver in the 4947 action are dismissed for lack of subject matter jurisdiction. However, the 4947 action is not dismissed in its entirety; the claims against Kelora remain. The Court GRANTS PartsRiver's motions to dismiss the claims against it in the 5106 (Case No. C 10-5106 CW, Docket No. 22) and 5108 actions (Case No. C 10-5108 CW, Docket No. 19). eBay's and Microsoft's claims against PartsRiver in the 5106 and 5108 actions are dismissed for lack of subject matter jurisdiction.

Within fourteen days of the date of this Order, Kelora shall answer eBay and Microsoft's complaint in the 4947 action.

IT IS SO ORDERED.

Dated: 4/21/2011

CLAUDIA WILKEN
United States District Judge