IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBAY INC. and MICROSOFT CORPORATION,<br><br>    Plaintiffs,<br><br>  v.<br><br>PARTSRIVER, INC. and KELORA SYSTEMS, LLC,<br><br>    Defendants.<br>_____/ | No. C 10-04947 CW<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (Docket No. 41) AND CONSOLIDATING CASES |
| EBAY INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>PARTSRIVER, INC. and KELORA SYSTEMS, LLC,<br><br>    Defendants.<br>_____/ | No. C 10-05106 CW<br>(Docket No. 46) |
| MICROSOFT CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>PARTSRIVER, INC. and KELORA SYSTEMS, LLC,<br><br>    Defendants.<br>_____/<br>AND ALL RELATED COUNTERCLAIMS<br>_____/ | No. C 10-05108 CW<br>(Docket No. 43) |

In these related cases, Plaintiffs eBay Inc. and Microsoft Corporation move for summary judgment of invalidity of Defendant Kelora Systems, LLC's U.S. Patent No. 6,275,821 ('821 patent)

and/or for summary adjudication that the '821 patent cannot give rise to liability for infringement before November 2, 2010. Kelora opposes the motion. The motion was heard on May 5, 2011. Having considered oral argument and the papers submitted by the parties, the Court GRANTS Plaintiffs' motion in part and DENIES it in part.

## BACKGROUND

The '821 patent, which is entitled, "Method and System for Executing a Guided Parametric Search," claims a "process for identifying a single item from a family of items." '821 patent, Abstract. The invention is intended "to provide a guided parametric search to isolate a subfamily of items within a family of items based on alternatives associated with each item." Id. 3:36-39. The patent specification describes two embodiments of the invention: (1) an embodiment that runs on a single, local computer, see id. 5:50-18:9; and (2) an embodiment that runs over the Internet and requires a server and client computer, see id. 18:10-19:34. Over the Internet, "the invention . . . may be used as an electronic catalog, providing an electronic alternative to updating and distributing product and/or service information." Id. 4:6-9.

A previous iteration of the '821 patent was at issue in PartsRiver, Inc. v. Shopzilla, Inc., Case No. C 09-0811 CW. There, PartsRiver, the previous owner of the '821 patent, charged eBay and Microsoft with infringement. eBay and Microsoft counterclaimed for judgment of non-infringement and invalidity. The Court held that the patent's claim 1 and claim 2, which was dependent on claim 1, were invalid based on the on-sale bar, 35 U.S.C. § 102(b). On September 18, 2009, PartsRiver appealed the Court's judgment of

2

invalidity to the Federal Circuit.

While litigation before this Court was ongoing, the U.S. Patent and Trademark Office (PTO) was conducting an <u>ex parte</u> reexamination of claims 1 and 2. There, the patent examiner initially rejected claims 1 and 2 as being clearly anticipated by prior art. PartsRiver sought reconsideration of this conclusion, arguing the prior art clearly did not teach the subject matter contained in claim 1. The patent examiner dismissed PartsRiver's arguments, concluding that PartsRiver relied on features that did not appear in the language of the claims subject to reexamination. On or about September 18, 2009, PartsRiver appealed the patent examiner's final rejection to the Board of Patent Appeals and Interferences (BPAI).

During the pendency of its appeals to the Federal Circuit and the BPAI, PartsRiver proposed amending claim 1 and adding a ninth claim to the '821 patent. PartsRiver's amendments to claim 1 necessarily changed dependent claim 2. PartsRiver's additions to and deletion from claim 1, which are indicated below in underlined and stricken text respectively, were as follows:

> A method for assisting a user in identifying a subfamily of items within a family of items <u>said method performed with a server connected to a client computer through a computer network</u>, comprising the steps of: . . .
>
>     (h)  accepting a second selection criteria ~~comprising~~ <u>from said client computer via said computer network at said server wherein the second selection criteria comprises a resubmission to the server of</u> the alternative or alternatives of the first selection criteria plus at least one alternative selected from the revised feature screen, . . .

Pls.' Mot. for Summ. J, Ex. 2, at 1:25-52. In relevant part,

3

PartsRiver's new claim 9 discussed,

> A method for assisting a user in identifying a subfamily of items within a family of items, the method comprising the following steps which are performed with a server connected to a computer network: . . .
>
> > (d) receiving and accepting a first selection criteria of at least one alternative from said client computer, said first selection criteria being received by said server from said client computer via said computer network, . . .
> >
> > (h) receiving and accepting a second selection criteria from said client computer via said computer network, in which said second selection criteria comprises (1) a resubmission by said client computer of the alternative or alternatives of the first selection criteria along with (2) at least one alternative selected from the revised feature screen, . . . .

Id. at 2:8-41.  The patent examiner deemed claim 1, as amended, and new claim 9 to be patentable.  Thereafter, PartsRiver's BPAI appeal was dismissed.  And, after a reexamination certificate for the '821 patent issued on November 2, 2010, PartsRiver filed a motion to dismiss its appeal of this Court's judgment, which the Federal Circuit granted.[1]

Plaintiffs filed these related cases in November and December 2010, seeking declarations of non-infringement, invalidity and intervening rights.  On PartsRiver's motion, the Court dismissed Plaintiffs' claims against PartsRiver because it disavowed any remaining interest in the '821 patent.  Kelora, now the sole Defendant in these actions, has counterclaimed against Plaintiffs for infringement of the '821 patent.

---

[1] The Federal Circuit remanded to this Court PartsRiver's request to vacate the judgment of invalidity.  The Court denied PartsRiver's motion.

LEGAL STANDARD

Summary judgment is properly granted when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir. 1987).

DISCUSSION

I. Identity Between Claims Contained in Amended '821 Patent and Claims Held Invalid By This Court

Plaintiffs argue that claims 1, 2 and 9 of the '821 patent, as amended, are identical in scope to original claims 1 and 2, which the Court held to be invalid. Thus, Plaintiffs argue, the Court's invalidity judgment in PartsRiver applies in these actions. Plaintiffs cite PartsRiver's contention that, "although the text of claim 1 has been altered by amendment, the claim scope is legally identical to that of originally issued claim 1." Pls.' Mot. for Summ. J., Ex. 28, at 7. Kelora claims that they are not identical.

PartsRiver's assertion does not establish, as a matter of law, that the Court's previous invalidity judgment applies to amended claims 1 and 2 and new claim 9. Indeed, Plaintiffs acknowledge that the claims are not identical in scope, noting that PartsRiver's amendments "narrowed claims 1 and 2 to overcome the rejection based on the Granacki prior-art reference." Pls.' Mot. for Summ. J. at 10:28-11:1. Further, that the examiner deemed the claims to be patentable only after they were amended suggests a

5

lack of identity.

Accordingly, Plaintiffs' motion is denied insofar as it seeks summary adjudication that amended claims 1 and 2 and new claim 9 are identical in scope to original claims 1 and 2 and are invalid as a result.

II. Limitations on Liability Based on 35 U.S.C. § 252

The owner of a "reexamined patent is entitled to infringement damages, inter alia, for the period between the date of issuance of the original claims and the date of issuance of the reexamined claims if the original and reexamined claims are 'identical.'" Laitram Corp. v. NEC Corp., 163 F.3d 1342, 1346 (Fed. Cir. 1998) (citing 35 U.S.C. §§ 252, 307(b) (1994)). "Reexamined claims are 'identical' to their original counterparts if they are 'without substantive change.'" Laitram, 163 F.3d at 1346.

"There is no absolute rule for determining whether an amended claim is legally identical to an original claim." Bloom Eng'g Co., Inc. v. N. Am. Mfg. Co., Inc., 129 F.3d 1247, 1250 (Fed. Cir. 1997). Amendments that simply clarify a claim or make the claim "more definite without affecting its scope" are generally viewed as "identical" for the purposes of section 252. Id. (citation omitted). However, "a claim amendment made during reexamination following a prior art rejection is not per se a substantive change." Laitram, 163 F.3d at 1347 (citation omitted). "Determination of whether a claim change during reexamination is substantive requires analysis of the scope of the original and reexamined claims in light of the specification, with attention to the references that occasioned the reexamination, as well as the

6

prosecution history and any other relevant information." Bloom, 129 F.3d at 1250.

Whether amended claims are identical in scope to the original claims is a question of law. Laitram, 163 F.3d at 1346-47. "This rule flows from the general principle that 'the interpretation and construction of patent claims, which define the scope of the patentee's rights under the patent, is a matter of law, exclusively for the court.'" Id. at 1347 (quoting Markman v. Westview Instruments, Inc., 52 F.3d 967, 970-71 (Fed. Cir. 1995)).

A plain reading of amended claims 1 and 2 and new claim 9 shows that these claims are substantively different from original claims 1 and 2. Amended claim 1 states that the steps of the method it addresses are "performed with a server connected to a client computer through a computer network." Pls.' Mot. for Summ. J., Ex. 2, at 1:25-29. Original claim 1 did not contain this limitation, which effectively excludes the local embodiment described in the specification.[2] Further, original claim 1's language did not delineate the roles of the server and the client computer at step (h), which calls for "accepting a second selection criteria comprising the alternative or alternatives of the first selection criteria plus at least one alternative selected from the revised feature screen." Id., Ex. 1, at 19:56-59. Amended claim 1 defines these roles. The amended claim indicates that, at step (h), the client computer combines "the alternative or alternatives

---

[2] The local embodiment required only a single "computing system." See Pls.' Mot. for Summ. J., Ex. 1, at 7:1-10; see also Danish Decl. ¶ 8 (stating that claims 1 and 9 involve steps to be performed "with a server").

7

of the first selection criteria plus at least one alternative selected from the revised feature screen," which, together, constitute the "second selection criteria." Id., Ex. 2, at 1:47-52. This "second selection criteria," in turn, is accepted by the server. See id. Because amended claim 2 is dependent on amended claim 1, it is equally different from original claim 2. New claim 9 reiterates this division of tasks between the server and client computer. Kelora does not cite any portion of the specification to argue that PartsRiver's amendments did not substantially change the scope of the original claims 1 and 2.[3]

The reexamination proceedings further support the conclusion that PartsRiver's amendments narrowed original claim 1. The patent examiner rejected PartsRiver's argument that original claim 1 reflected these limitations, stating that "there is nothing in claim 1 about concatenation. The claim makes no reference to how the data in a search instruction is actually formatted prior to being sent to a controller to perform the selection." Id., Ex. 19, at 7. PartsRiver responded to this contention with the amendments already described.

Accordingly, the Court summarily adjudicates that Kelora may

---

[3] Kelora insists that it has no burden of production, arguing that Plaintiffs have the burden to show they are entitled to intervening rights under paragraph 2 of 35 U.S.C. § 252. However, on this motion, Plaintiffs are not seeking a declaration that they have intervening rights. Instead, they contend that, under paragraph 1 of section 252, Kelora is precluded from recovering damages incurred before November 2, 2010 for infringement of claims 1, 2 and 9 of the amended '821 patent. See Kaufman Co., Inc. v. Lantech, Inc., 807 F.2d 970, 976 (Fed. Cir. 1986) (stating that limitation on patentee's rights contained in paragraph 1 of section 252 "is not . . . so-called 'intervening rights' set out in the second paragraph of § 252").

8

not seek damages for infringement before November 2, 2010, the issue date of the <u>ex parte</u> reexamination certificate.

## III. Invalidity under 35 U.S.C. § 305

Under 35 U.S.C. § 305, during the reexamination process, patent owners are permitted to add new claims in order to distinguish the invention as claimed from prior art. However, "[n]o proposed amended or new claim enlarging the scope of a claim of the patent will be permitted in a reexamination proceeding under this chapter." 35 U.S.C. § 305. Whether the scope of a claim has been impermissibly broadened on reexamination is a matter of claim construction, <u>Quantum Corp. v. Rodime, PLC</u>, 65 F.3d 1577, 1580 (Fed. Cir. 1995), and thus a question of law for the Court. Under section 305, "a claim of a reissue application is broader in scope than the original claims if it contains within its scope any conceivable apparatus or process which would not have infringed the original patent." <u>In re Freeman</u>, 30 F.3d 1459, 1464 (Fed. Cir. 1994). "A claim that is broader in any respect is considered to be broader than the original claims even though it may be narrower in other respects." <u>Id.</u> To overcome the presumption that patents are valid, clear and convincing evidence is required. <u>Oakley, Inc. v. Sunglass Hut Int'l</u>, 316 F.3d 1331, 1339 (Fed. Cir. 2003).

Plaintiffs contend that step (h) of original claim 1 provided that the user of the client computer performed the task of "accepting a second selection criteria comprising the alternative or alternatives of the first selection criteria plus at least one alternative selected from the revised feature screen." In contrast, as explained above, step (h) of amended claim 1 provides

9

that the server performs this task. Thus, Plaintiffs argue, amended claim 1 is broader because original claim 1 could not be infringed by a server.

The Court is not convinced that the language of the original claims supports the limitation advocated by Plaintiffs. Plaintiffs have not identified anything in the original claims indicating that the user necessarily performed the "accepting" task as defined in step (h).

Accordingly, the Court denies Plaintiffs' motion, to the extent it seeks summary judgment of invalidity under 35 U.S.C. § 305. This denial is without prejudice to renewal in connection with their motion for claim construction and summary judgment.

CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion in part and DENIES it in part. (Case No. C 10-4947 CW, Docket No. 41; Case No. C 10-5106 CW, Docket No. 46; Case No. C 10-5108 CW, Docket No. 43.) The Court summarily adjudicates that Kelora may not seek damages for infringement before November 2, 2010. Plaintiffs' motion is denied to the extent that it seeks summary judgment of invalidity based on the Court's invalidity judgment in PartsRiver. Plaintiffs' motion is denied without prejudice to the extent that it seeks summary judgment of invalidity based on 35 U.S.C. § 305; they may renew this request in connection with their motion for claim construction and summary judgment.

As discussed at the May 5, 2011 hearing, Case Nos. C 10-5106 CW and C 10-5108 CW shall be consolidated with Case No. C 10-4947 CW. The Clerk shall administratively close Case Nos. C 10-5106 CW

10

1  and C 10-5108 CW.  All future filings shall be made in Case No.
2  C 10-4947 CW.
3      The hearing on claim construction and the parties' dispositive
4  motions will be held on November 17, 2011 at 2:00 p.m.
5      IT IS SO ORDERED.

7  Dated: 5/9/2011

                        CLAUDIA WILKEN
8                          United States District Judge

**United States District Court**
For the Northern District of California

11