UNITED STATES DISTRICT COURT
For the Northern District of California

# UNITED STATES DISTRICT COURT

## Northern District of California

### Oakland Division

| | |
|---|---|
| KELORA SYSTEMS, LLC, | No. C 11-01548 CW (LB) |
|         Plaintiff, | **ORDER RE DISCOVERY LETTER RE PROTECTIVE ORDER** |
| v. | |
| TARGET CORPORATION, *et al.*, | [ECF No. 330] |
|         Defendants. | |
| _____/ | |
| EBAY INC. AND MICROSOFT CORP., | No. C 10-04947 CW (LB) |
|         Plaintiffs, | (Related) |
| v. | |
| KELORA SYSTEMS, LLC, | |
|         Defendant. | |
| _____/ | |
| CABELA'S, INC., | No. C 11-01398 CW (LB) |
|         Plaintiff, | (Related) |
| v. | |
| KELORA SYSTEMS, LLC, | |
|         Defendant. | |
| _____/ | |

| | | |
|---|---|---|
| 1 | NEBRASKA FURNITURE MART, INC., | No. C 11-02284 CW (LB) |
| 2 | Plaintiff, | |
| 3 | v. | (Related) |
| 4 | KELORA SYSTEMS, LLC, | |
| 5 | Defendant. | |

## I. INTRODUCTION

The district court has referred all discovery matters in the above-captioned patent case and the related cases to the undersigned. Referral Order, ECF No. 333 at 2.[1] On August 11, 2011, Kelora Systems, LLC and the other parties[2] (collectively "the Accused Infringers") submitted a joint discovery statement that detailed disputes over certain provisions in the parties' proposed protective order regarding the source code inspection environment and the restrictions on patent prosecution. ECF No. 330 at 2.

Generally, Kelora proposes changes to the district's model protective order for patent cases, and the Accused Infringers propose using the model order. Exhibit A (ECF No. 330-1) shows the parties' proposed modifications, and Exhibit D (ECF No. 330-3) is the district's model order. As summarized below, the court generally finds that the provisions of the model order should apply and rules accordingly.

With regard to the source code inspection environment, the court orders as follows: (1) the Accused Infringers do not have to provide a complete, functional build environment for the source code; (2) the Accused Infringers do not have to provide access to the source code after normal work hours and on holidays and weekends upon Kelora's notice and demand; (3) authorized individuals inspecting the source code may bring their personal cell phones and laptop computers into the source

---

[1] Citations are to the clerk's electronic case file (ECF) with pin cites to the electronic page numbers at the top (as opposed to the bottom) of the page.

[2] The other parties in the related cases are eBay, Inc., Microsoft Corporation, Nebraska Furniture Mart, Inc., Cabela's Inc., Target Corporation, OfficeMax Incorporated, ShopKo Stores Operating Co., LLC, National Business Furniture, LLC, Rockler Companies, Inc., 1-800-Flowers.com, Inc., PC Connection, Inc., Mason Companies, Inc. d/b/a Maryland Square, Amazon.com, Inc., Dell, Inc., Office Depot, Inc., Newegg Inc., Costco Wholesale Corporation, Hewlett-Packard Development Company, L.P., CircuitCity.com Inc.

ORDER RE PROTECTIVE ORDER
C 11-01548 CW (LB)    2

1  code inspection room; (4) the source code does not have to be made available for inspection within
2  twenty miles of the trial location; (5) the Accused Infringers do not have to provide two Source
3  Code Computers on which Kelora may observe the running software in an environment that
4  approximates real-world conditions; (6) Kelora's authorized outside counsel and/or experts may not
5  require the installation on the Source Code Computers of commercially available, licensed software
6  tools for viewing, searching, and annotating the source code; (7) a back-up copy of the source code
7  does not have to be kept on the secured Source Code Computers; (8) the producing party must
8  challenge the amount of source code requested in hard copy; (9) the Accused Infringers may visually
9  monitor Kelora's inspection of source code but only to ensure that there is no unauthorized
10 recording, copying, or transmission of the source code; and (10) the Accused Infringers's log of
11 printed source code may include the dates and times of any access.

12 With regard to the prosecution bar issues, the court orders: (1) the prosecution bar shall not
13 include Kelora's proposed limitation "on behalf of the Receiving Party;" (2) the prosecution bar
14 shall not include Kelora's requested clarification that prosecution not include distinguishing prior art
15 or advising or consulting regarding the same; and (13) the subject matter of the prosecution bar
16 should be limited to patents or applications relating to "search engines, web search, or database or
17 server search technology."

## II. FACTUAL BACKGROUND

19 Kelora is the owner by assignment of all right, title and interest in U.S. Patent No. 6,275,821
20 ("'821 patent"), which is entitled "Method and system for executing a guided parametric search" and
21 was issued by the U.S. Patent & Trademark Office ("PTO") on August 14, 2001. Second Amended
22 Complaint, ECF No. 334 at 3. The PTO issued a reexamination certificate for the '821 patent on
23 November 2, 2010. *Id.*

24 There are four related cases involving the '821 patent in this district: *ebay Inc. and Microsoft*
25 *Corp. v. Kelora Systems, LLC*, CV 10-4947 CW (filed by eBay and Microsoft, which are seeking a
26 declaratory judgment of invalidity, noninfringement, and/or that intervening rights apply with
27 respect to the amended claims); *Cabela's, Inc. v. Kelora Systems, LLC*, CV 11-1398 CW (seeking
28 the same); *Nebraska Furniture Mart, Inc. v. Kelora Systems, LCC*, CV 11-2284 CW (seeking the
   same); and *Kelora Systems, LLC v. Target Corp., et al.*, CV 11-1548 CW (infringement action

ORDER RE PROTECTIVE ORDER
C 11-01548 CW (LB)                         3

brought by the patent holder).

The parties in these actions have submitted a joint discovery statement asking the court to rule on certain disputes pertaining to the parties' proposed stipulated protective order. ECF No. 330 at 2.

### III. LEGAL STANDARDS

**A. General Standard for Issuance of Protective Order**

Upon a showing of "good cause," a court may "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" in discovery by "requiring that trade secret or other confidential . . . commercial information not be revealed, or be revealed only in a specified way." Fed.R.Civ.P. 26(c); s*ee In re Violation of Rule 28(D)*, 635 F.3d 1352, 1357 (Fed. Cir. 2011). The party seeking a protective order has the burden of showing that the protection is warranted. *Id.* Generally, good cause requires the moving party to show that specific prejudice or harm will result if the protective order is not issued. *Rivera v. NIBCO, Inc.*, 384 F.3d 822, 826 (9th Cir. 2004). And, in this context, the courts administer a balancing test of the conflicting interests between the protection of Rule 26(c) of the Federal Rules of Civil Procedure and the broad mandate of the admissibility of information in discovery conferred by Rule 26(b)(1). See, e.g., Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1472 (9th Cir. 1992).

Here, the parties agree that a protective order is warranted. *See* ECF No. 330 at 2. They merely disagree as to certain aspects of its implementation, focusing on a few proposed modifications to the district's model protective order.

The model protective order has been approved by the court and governs discovery unless the court enters a different protective. *See* United States District Court for the Northern District of California's Stipulated Protective Orders webpage, *at* http://cand.uscourts.gov/stipprotectorder ("The protective orders on this page are court-approved model forms to which counsel may stipulate in a particular case."); N.D. Cal. Patent L.R. 2-2 ("The Protective Order authorized by the Northern District of California shall govern discovery unless the Court enters a different protective order."); *see generally Acer America Corp. v. Technology Properties*, Nos. C08-00877 JF (HRL), 08-00882-JF, 08-00884-JF, 2009 WL 1363551, at *1 (N.D. Cal. May 14, 2009). Accordingly, the court treats the model protective order as setting forth presumptively reasonable conditions

ORDER RE PROTECTIVE ORDER
C 11-01548 CW (LB)                                  4

regarding the treatment of highly confidential information.

B. **Standard for Inclusion of Patent Prosecution Bar**

The determination of whether a protective order should include a patent prosecution bar is a matter governed by Federal Circuit law. *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1378 (Fed. Cir. 2010). A party seeking to include a prosecution bar in a protective order carries the burden of showing good cause for its inclusion. *Id.* Again, in this case, the parties agree that prosecution bar is necessary but disagree as to the terms implementing one.

## IV. DISCUSSION

A. **Issues Regarding the Source Code Inspection Environment**

**1. Whether the Accused Infringers must provide "a complete, functional build environment for the source code of its accused instrumentalities"**

The parties dispute whether the protective order must include a provision requiring the Accused Infringers to provide "a complete, functional build environment for the source code of its accused instrumentalities, including build instructions, scripts and/or other information used in the ordinary course of business to develop, build, test and debug the source code." *See* ECF No. 330-1 at 10.

Kelora argues that the Accused Infringers must provide a complete, functional build environment because compiling the source code into object code and running the resulting software on a computer may assist Kelora's counsel and experts in evaluating the Accused Instrumentalities and is therefore within the broad scope of discovery provided under Rule 26(b)(1). ECF No. 330 at 4. Kelora also argues that the Accused Infringers have not identified any clearly defined and serious injury that would stem from this provision. *Id.*

The Accused Infringers argue that Kelora seeks to covert the model protective order into an order to create systems and produce information. ECF No. 330 at 8. And, as to the demanded source code itself, the Accused Infringers claim that Kelora's proposal would effectively require each Accused Infringer to provide source code for the entire accused website even though the vast majority of the source code for each accused website is completely unrelated to the accused functionality. *Id.*

The court finds that a departure from the district's model protective order is unwarranted because

the benefits of making it easier for Kelora to evaluate the Accused Infringers' source code do not outweigh the burdens associated with the proposal. *See generally Brookhaven Typesetting Services, Inc. v. Adobe Systems, Inc.*, No. C-01-20813 RMW, 2007 WL 2429653, at *7-*8 (N.D. Cal. Aug. 24, 2007) (discussing textual analysis and other alternatives to compiling source code in order to evaluate whether the code is infringing). Liberal discovery is intended to ensure that the requesting party has the information necessary to make its case but this does not imply that the requesting party may force the producing party to undertake burdensome measures merely for the convenience of the requesting party. *See generally Intel Corp. v. VIA Technologies, Inc.*, 198 F.R.D. 525, 528 (N.D. Cal. 2000) ("The protective order must actually prejudice presentation of the moving party's case, not merely increase the difficulty of managing the litigation.").

**2. Whether access to the source code must be provided after normal work hours and on holidays and weekends**

The parties dispute whether the Accused Infringers must provide access to the source code after normal work hours and on holidays and weekends. *See* ECF No. 330-1 at 11.

Kelora argues that its investigation of the Accused Instrumentalities may be prejudiced by an inflexible limitation to business hours, while the minor inconvenience of arranging for after-hours access can in no way be considered the sort of clearly defined and serious injury that, according to Kelora, the Accused Infringers must show. ECF No. 330 at 4-5.

The Accused Infringers argue that Kelora's proposal is unreasonable and burdensome as it would permit Kelora to force an Accused Infringer's counsel to keep its office open on holidays and weekends whenever Kelora feels like inspecting source code. *Id.* at 9. The Accused Infringers further assert that there is no reason why Kelora cannot complete its source code inspection during normal business hours. *Id.*

At this point, the dispute is about whether Kelora may unilaterally determine its after-hours access to the source code. Faced with a merely hypothetical problem, the court finds that the burdens outweigh the benefits of ordering Kelora's proposal. However, if Kelora determines that normal business hours do not provide adequate time to review the source code and the parties are unable to work out a schedule providing Kelora with sufficient access, the court orders the parties to

ORDER RE PROTECTIVE ORDER
C 11-01548 CW (LB)  6

submit another joint letter at that time.

**3. Whether the authorized individuals inspecting the source code may bring their personal cell phones and laptop computers into the source code inspection room**

The parties dispute whether authorized individuals inspecting the source code may bring their personal cell phones and laptop computers into the source code inspection room. *See* ECF No. 330-1 at 11. Kelora argues that its proposal would allow the individuals to take notes and stay in touch with the outside world and that the items are basic work tools. ECF No. 330 at 5. The Accused Infringers do not provide any counter-arguments in the joint letter. The court finds Kelora's proposal to be reasonable. However, the court notes that this mitigates in favor of letting the Accused Infringers visually monitor Kelora's review of the source code.

**4. Whether the source code must be made available for inspection within twenty miles of the trial location**

The parties dispute whether the source code must be made available for inspection within twenty miles of the trial location. *See* ECF No. 330-1 at 11-12.

Kelora argues that its investigation of the Accused Instrumentalities and presentation at trial might be prejudiced without these provisions, while the Accused Infringers have identified no clearly defined and serious injury justifying their more restrictive proposals. ECF No. 330 at 5.

The Accused Infringers argue that Kelora's proposal is unnecessary because fact discovery will be over long before trial begins and thus no inspections will take place anywhere during the trial. *Id.* at 9. The Accused Infringers further argue that the proposal is burdensome on those parties whose counsels' offices are more than 20 miles from the Oakland courthouse — which would include most parties. *Id.* Finally, the Accused Infringers claim that the proposal is unnecessary, since the proposed protective order allows a party to request paper copies of limited portions of source code that are reasonably necessary for trial. *Id.*

The court finds that Kelora's proposal is unnecessary and burdensome for the reasons asserted by the Accused Infringers.

///

///

ORDER RE PROTECTIVE ORDER
C 11-01548 CW (LB)

7

**5. Whether the Accused Infringers must provide two Source Code Computers on which Kelora may observe the running software in an environment that approximates real-world conditions**

The parties dispute whether the Accused Infringers must provide two Source Code Computers on which Kelora may observe the running software in an environment that approximates real-world conditions. *See* ECF No. 330-1 at 12. Kelora argues that it will be prejudiced if it cannot observe the running software in an environment that approximates real-world conditions. ECF No. 330 at 5-6. The Accused Infringers assert the arguments described above in section 1. ECF No. 330 at 8. Here too, the court finds that a departure from the district's model protective order is unwarranted because the benefits of making it easier for Kelora to evaluate the Accused Infringers' source code does not outweigh the burdens associated with the proposal. *See generally Brookhaven Typesetting Services, Inc.*, 2007 WL 2429653, at *7-*8.

**6. Whether Kelora's authorized outside counsel and/or experts may request installation on the Source Code Computers of commercially available, licensed software tools for viewing, searching, and annotating the source code**

The parties dispute whether Kelora's authorized outside counsel and/or experts may request installation on the Source Code Computers of commercially available, licensed software tools for viewing, searching, and annotating the source code. *See* ECF No. 330-1 at 12. Kelora argues that its investigation of the Accused Instrumentalities might be prejudiced without these provisions, while the Accused Infringers have identified no clearly defined and serious injury justifying their more restrictive proposals. ECF No. 330 at 6. It explains that this proposal will permit it to annotate, number the lines of, and bates label paper copies of source code for permitted litigation purposes. *Id.* The Accused Infringers argue that this proposal is unreasonable because the computers containing source code are generally highly-secure machines that do not permit any files to be transferred onto or away from the machine. *Id.* at 9. The court finds that the burdens outweigh the benefits of Kelora's proposal and that the model protective order language is appropriate.

///

///

ORDER RE PROTECTIVE ORDER
C 11-01548 CW (LB)                               8

**7. Whether a back-up copy of the source code may be made on the secured Source Code Computers, to remain there subject to all the provisions governing source code**

The parties dispute whether a back-up copy of the source code may be made on the secured Source Code Computers, to remain there subject to all the provisions governing source code. ECF No. 330-1 at 13. Kelora argues this will preserve the source code in the exact form in which it is produced and that its investigation might be prejudiced without it. ECF No. 330 at 6. The Accused Infringers do not explicitly address this issue. The court finds that this issue is moot based on its determination with regard to the sixth issue.

**8. Whether the producing party must challenge the amount of source code requested in hard copy**

The parties dispute whether the producing party must challenge the amount of source code requested in hard copy. ECF No. 330-1 at 13-14. The Accused Infringers argue that Kelora's proposal should be rejected because source code is extremely confidential and the burden should be on the party trying to convert source code to paper, which is much less secure. ECF No. 330 at 10. The Accused Infringers claim that the model protective order places the burden on the requesting party. *Id.* Kelora does not provide any counter-arguments in the joint letter.

The court notes that the model protective order's procedures require the producing party to challenge the amount of source code that is requested in hard copy. *See* Exhibit D-1, ECF No. 330 at 15. But the court finds that Kelora's proposed language is unnecessary.

**9. Whether the Accused Infringers may visually monitor Kelora's inspection of source code**

The parties dispute whether the Accused Infringers may visually monitor Kelora's inspection of source code. *See* ECF No. 330-1 at 15. Kelora argues that this would invade its work product. ECF No. 330 at 6. The Accused Infringers respond that, given the extremely confidential nature of source code, it is reasonable for representatives of the Accused Infringers to visually monitor Kelora as it inspects the source code but only to ensure that there is no unauthorized recording, copying, or transmission of the source code. *Id.* at 10. Kelora's proposal is inconsistent with the model protective order, which has been approved by the court. Absent a more specific argument as to why

ORDER RE PROTECTIVE ORDER
C 11-01548 CW (LB)                    9

the Accused Infringers' visual monitoring invades Kelora's work product, the court finds that the burdens of Kelora's proposal outweigh its benefits.

**10. Whether the Accused Infringers's log of printed source code may include the dates and times of any access**

The parties also dispute whether the Accused Infringers's log of printed source code may include the dates and times of any access. The same arguments and rationale as discussed above with respect to the ninth issue apply here. Accordingly, the court rejects Kelora's proposal.

**B. Issues Regarding the Prosecution Bar**

**1. Whether individuals who receive highly confidential technical information may draft patents and claims for entities other than Kelora**

The parties dispute whether individuals who receive highly confidential technical information may draft patents and claims for entities other than Kelora. *See* ECF No. 330-1 at 27-28.

Kelora argues that the Accused Infringers have offered no evidence that any counsel in this case is involved in "competitive decision-making" on behalf of any other clients. ECF No. 330 at 11.

The Accused Infringers counter that the prosecution bar proposed by Kelora's counsel would merely prohibit them from prosecuting on behalf of the recently formed holding company asserting the patent in this case. *Id.* at 16. The Accused Infringers further argue that limiting a bar to activities done on behalf of a client who is the receiving party also ignores complexities that may arise if a "receiving party" is later acquired or otherwise reorganized. *Id.* Additionally, the Accused Infringers claim that if a bar is applied only to prosecution work done on behalf of one party, a potentially huge risk remains that the counsel-in-question may use confidential information to benefit other clients, who may well be competitors of the disclosing party. *Id.* (citing *re Deutsche Bank Trust Co.*, 605 F.3d 1373, 1380-81 (Fed. Cir. 2010)). Finally, the Accused Infringers assert hat the Federal Circuit's emphasis on performing factual inquiries on a counsel-by-counsel basis (not a client-by-client basis) dictates that prosecution bar restrictions should follow each affected counsel, not one particular client of a counsel. *Id.*

The Federal Circuit has held that "a party seeking imposition of a patent prosecution bar must show that the information designated to trigger the bar, the scope of activities prohibited by the bar,

1 the duration of the bar, and the subject matter covered by the bar reasonably reflect the risk
2 presented by the disclosure of proprietary competitive information." *In re Deutsche Bank Trust Co.*
3 *Americas*, 605 F.3d at 1381. In this case, the information designated to trigger the bar is highly
4 confidential, technical information such as source code. *See* ECF No. 330-1 at 8-9. "In contrast
5 with financial data or business information, confidential technical information, including source
6 code, is clearly relevant to a patent application and thus may pose a heightened risk of inadvertent
7 disclosure." *Applied Signal Technology, Inc. v. Emerging Markets Communications, Applied Signal*
8 *Technology, Inc. v. Emerging Markets Communications, Inc.*, No. C-09-02180 SBA (DMR), 2011
9 WL 197811, at *2 (N.D. Cal. Jan. 20, 2011) (citing *Deutsche Bank Trust Co. Americas*, 605 F.3d at
10 1381). The scope of prohibited activities is limited to "directly or indirectly drafting, amending,
11 advising, or otherwise affecting the scope or maintenance of patent claims," which is appropriately
12 limited. ECF No. 330-1 at 28; *see Applied Signal Technology, Inc.*, 2011 WL 197811, at *2. And it
13 ends two years after the conclusion of the litigation. ECF No. 330-1 at 28; *see Applied Signal*
14 *Technology, Inc.*, 2011 WL 197811, at *2 (finding that two-year post-litigation bar was reasonable).
15 And, as discussed below, the Accused Infringers' compromise restricts the subject matter to the
16 prosecution of patents or patent applications relating to search engines, web search, or database or
17 server search technology. Given these representations, the court finds that the Accused Infringers'
18 proposed prosecution bar reasonably reflects the risks presented by the disclosure of the Accused
19 Infringers' proprietary competitive information. *See In re Deutsche Bank Trust Co.*, 605 F.3d at
20 1380 (holding that attorneys involved in "strategic decisions on the type and scope of patent
21 protection that might be available or worth pursuing" or "strategically amending or surrendering
22 claim scope during prosecution" generally may be subject to a prosecution bar); *see also Applied*
23 *Signal Technology, Inc.*, 2011 WL 197811, at *2 .
24     Kelora's argument does not explicitly address why the court should distinguish activities done
25 on behalf of Kelora from those same activities when done on behalf of other clients. It implies that
26 certain counsel have other clients for whom they do patent prosecution work that does not rise to the
27 level of competitive decision-making. But, if there are specific individuals who seek to be exempted
28 from the prosecution bar, Kelora must show (1) that counsel's representation of the client in matters

before the PTO does not and is not likely to implicate competitive decision-making related to the subject matter of the litigation so as to give rise to a risk of inadvertent use of confidential information learned in litigation, and (2) that the potential injury to the moving party from restrictions imposed on its choice of litigation and prosecution counsel outweighs the potential injury to the opposing party caused by such inadvertent use. *In re Deutsche Bank Trust Co. Americas*, 605 F.3d at 1381.

**2. Whether "prosecution" as used in the prosecution bar includes distinguishing prior art or advising and/or consulting regarding the same with persons who may be involved in "prosecution" as defined in the protective order**

The parties dispute whether "prosecution" as used in the prosecution bar includes distinguishing prior art or advising and/or consulting regarding the same with persons who may be involved in "prosecution" as defined in the protective order. *See* ECF No. 330-1 at 28.

Kelora argues that distinguishing prior art poses no threat of disclosure of any confidential information of the Accused Infringers and that precluding coordination on prior art distinctions would be unfairly prejudicial to Kelora's ability to defend the validity of its patents with consistency. ECF No. 330 at 14.

But, in *Deutsche Bank*, the Federal Circuit indicated that "investigating prior art relating to those inventions" likely constituted competitive decision-making. 605 F.3d at 1380. Following this guidance, the court rejects Kelora's proposed clarification.

**3. Whether the subject matter of the prosecution bar should be limited to patents or applications relating to "guided parametric search" or "search engines, web search, or database or server search technology"**

The parties dispute the appropriate subject matter of the prosecution bar. *See* ECF No. 330-1 at 28. Kelora argues that it should be limited to patents or applications relating to "guided parametric search," which it asserts is the general subject matter at issue in this case. ECF No. 330 at 11. The Accused Infringers propose that the subject matter of the prosecution bar should be defined as "search engines, web search, or database or server search technology." *Id.* at 17. They argue that their proposal is appropriately tailored to protect their confidential information from inadvertent use.

*Id.* They also assert that Kelora's proposed scope is both ambiguous and overly narrow. *Id.* at 17-18.

The patent claims a "process for identifying a single item from a family of items" that is run on a single, local computer or over the internet. ECF No. 330-4 at 2-3. In support of their proposed subject-matter scope, the Accused Infringers argue that the asserted claims require client-server communications, providing and reading data files, accepting selection criteria, displaying a feature screen, and determining what satisfies selection criteria. ECF No. 330 at 17. Kelora does not refute this in the joint letter.

"[I]n determining the scope of the proposed prosecution bar, the relevant question is not to which field the accused products are currently limited, but instead in which fields the patented technology reasonably could be used, i.e. the areas of technology where there is risk that individuals may inadvertently exploit their new knowledge in future patent prosecution." *Applied Signal Technology, Inc.*, 2011 WL 197811, at *2 . Applying this principle, the court orders that the subject matter of the prosecution bar should be limited to patents or applications relating to "search engines, web search, or database or server search technology."

## V. CONCLUSION

For the foregoing reasons, the court orders the parties to submit a stipulated protective order that complies with this order within ten days.

This disposes of ECF No. 330.

**IT IS SO ORDERED.**

Dated: August 29, 2011

_____
LAUREL BEELER
United States Magistrate Judge