MANATT, PHELPS & PHILLIPS, LLP
ROBERT D. BECKER (Bar No. CA 160648)
E-mail: rbecker@manatt.com
RONALD S. KATZ (Bar No. CA 085713)
E-mail: rkatz@manatt.com
SHAWN G. HANSEN (Bar No. CA 197033)
E-mail: shansen@manatt.com
1841 Page Mill Road, Suite 200
Palo Alto, CA 94304-1255
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

*Attorneys for*
KELORA SYSTEMS, LLC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| eBay Inc. and Microsoft Corporation,<br><br>*Plaintiffs and Counterclaim-Defendants*,<br><br>v.<br><br>Kelora Systems, LLC,<br><br>*Defendant and Counterclaim-Plaintiff*. | No. 4:10-cv-4947-CW (filed Nov. 2, 2010)<br><br>**KELORA'S NOTICE OF MOTION AND MOTION TO STRIKE THE AMP NAVIGATOR DEMO AS PRIOR ART UNDER 35 U.S.C. § 102**<br><br>**THIS MOTION IS SUBJECT TO A CONCURRENTLY-FILED MOTION TO SHORTEN TIME**<br><br>**Hearing Date: March 8, 2012**<br>**Hearing Time: 2:00 p.m.**<br>**Hearing Location: Courtroom 2, 4th Floor** |
| Cabela's Inc.,<br><br>*Plaintiff and Counterclaim-Defendant*,<br><br>v.<br><br>Kelora Systems, LLC,<br><br>*Defendant and Counterclaim-Plaintiff*. | No. 4:11-cv-1398-CW (filed Mar. 23, 2011)<br>(related case) |

| | |
|---|---|
| Kelora Systems, LLC,<br><br>*Plaintiff and Counterclaim-Defendant*,<br><br>v.<br><br>Target Corporation, et al.,<br><br>*Defendants and Counterclaim-Plaintiffs*. | No. 4:11-cv-1548-CW (filed Nov. 8, 2010)<br>(related case) |

**NOTICE OF MOTION & MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Civil Local Rule 7-2, Kelora Systems, LLC ("Kelora") will and does hereby respectfully move this Court to strike the AMP Navigator Demo from consideration as prior art in this action and to disregard all arguments by Defendants which rely on the AMP Navigator Demo or derivatives thereof to invalidate the claims of the '821 patent.

This motion to strike is made on the grounds that Defendants recently expressly disclaimed any reliance on the AMP Navigator Demo as prior art. Because Defendants' reversal of position only became clear in their January 25, 2012, filing, and because this Court has ordered that there will be no further hearing in connection with summary judgment briefing, Kelora could not bring this Motion to Strike any earlier.[1]

This Motion is based on the accompanying Memorandum of Points and Authorities, all papers on file in this action, and the proposed order submitted herewith, and on such further evidence or argument as may be presented at any hearing on this Motion.

1 Kelora recognizes that this Court has a general order that motions to strike be raised in oppositions and replies, rather than as separate motions. However, for similar reasons (i.e. this issue just became clear in Defendants' January 25, 2012, filing), Kelora could not raise its current motion to strike argument in its earlier papers.

## I. INTRODUCTION

During the entire course of this litigation regarding the '821 patent and during the course of the prior litigation between the predecessor-in-interest to Kelora (PartsRiver) and some of the current Defendants, the parties accused of infringing the '821 patent have asserted that the so-called "AMP Navigator Demo" (hereinafter referred to as the "AMP Navigator Demo") was "on-sale" more than one year before the first application for the '821 patent and thus was available as prior art under the "on-sale bar" provision of 35 U.S.C. § 102(b). In opposition, Kelora and PartsRiver have consistently asserted that the AMP Navigator Demo is not prior art under § 102(b) and thus cannot be used, alone or in combination with other art, to invalidate the claims of the '821 patent.

A recent and surprising turn of events has changed this dynamic. On January 25, 2012, the Defendants filed a document entitled, "Defendants Reply to Kelora's Opposition to Defendants' Supplemental Brief in Support of Their Renewed Motion for Summary Judgment" (hereinafter referred to as "Reply II"). In that paper, Defendants concede that the AMP Navigator Demo was "***not*** itself the subject of the offer for sale" previously adjudicated before this Court. Based on this concession by the Defendants, Kelora respectfully moves this Court to strike the AMP Navigator Demo from consideration as prior art in this action and to disregard all arguments by Defendants which rely on the AMP Navigator Demo or derivatives thereof to invalidate the claims of the '821 patent.[2] *Id*. (Emphasis in original.)

## II. DISCUSSION

During the prior litigation, the Defendants, including a subset of current Defendants, argued that claims 1 and 2 of the '821 patent as originally issued were invalid by reason of an "on-sale bar." In May of 2009, the Defendants moved for summary judgment of invalidity and argued that the AMP Navigator Demo was prior art under the "on-sale bar" provision of 35

[2] Defendants' recent change of heart is a thinly veiled attempt to eliminate from the court's consideration the fact that the AMP Navigator Demo teaches away from the claimed invention and is simply incompatible with it. *See, e.g.,* Reply II at 3:1-5. A prior art reference must be considered in its entirety, i.e., as a whole, including portions that would lead away from the claimed invention. *W.L. Gore & Associates, Inc. v. Garlock, Inc.*, 721 F.2d 1540, 220 USPQ 303 (Fed. Cir. 1983), *cert. denied*, 469 U.S. 851 (1984).

U.S.C. § 102(b). In the Introduction of that motion for summary judgment, for example, the Defendants made the following argument:

> It is undisputed that by April 1992 – over two years before the application for the patent was filed – the inventor had created a "demo" program that admittedly was a reduction to practice of the asserted claims, and he had faxed a proposal to a third party offering to sell software embodying the asserted claims.

Defendants' Motion For Summary Judgment Of Noninfringement And Invalidity Due To The On-Sale Bar, Case No. 4:09-cv-00811-CW, Dkt. No. 201 at 2 (May 28, 2009).

PartsRiver opposed the motion by arguing, *inter alia*, that the AMP Navigator Demo was still under experimental use at the critical date, and was therefore not prior art. *See* Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Case No. 4:09-CV-00811-CW), 7/10/2009, 18:4 – 25:5. PartsRiver further challenged the qualification of the AMP Navigator Demo as prior art against the reexamined claims because the "ready for patenting" prong of the 2-part test outlined in *Pfaff* was not satisfied.[3] *See* Plaintiff's Opposition To Defendant's Motion For Summary Judgment, Case No. 4:09-CV-00811-CW, Dkt. No. 225 at 20-25 (June 19, 2009). PartsRiver asserted that the AMP Navigator Demo was not prior art under § 102(b) and thus could not be used, alone or in combination with other art, to invalidate the claims of the '821 patent. *See, e.g.*, *Id.* at 18 ("The software in the present case was not part of an offer for sale or a sale prior to the critical date.").

The Court ruled in favor of the Defendants and found that the AMP Navigator Demo was prior art under the "on-sale bar" provision of 35 U.S.C. 102(b). The Court further found that the original claims of the '821 patent were invalid by reason of the on-sale bar. It accepted Defendants' arguments, specifically relying on their argument that the AMP Navigator Demo taught step (h) of the original claims and not accepting Kelora's contention that it was neither prior art nor a teaching of step (h): "The demo program recreates the snapshots provided in

[3] A patent is invalid pursuant to 35 U.S.C. § 102(b) "if the claimed invention is offered for sale more than one year before the filing date of the patent application." *Scaltech, Inc. v. Retec/Tetra, LLC*, 269 F.3d 1321, 1325 (Fed. Cir. 2001). Under this statutory bar, a patent is invalid pursuant to 35 U.S.C. § 102(b) if the invention is both: (1) the subject of a commercial offer for sale in the United States more than one year prior to the date of the patent application; and (2) ready for patenting at the time of the offer. *Pfaff v. Wells Elecs., Inc.*, 525 U.S. 55, 67 (1998).

Defendants' Exhibit E, including step 1(h). Plaintiff's contention therefore fails." Case No. 4:09-CV-00811-CW, Dkt No. 33, at 13.

The Court's decision was appealed by PartsRiver. In its opening brief, PartsRiver argued that there had been no offer to sell the AMP Navigator Demo. *See* Case No. 4:10-cv-04947-CW, Dkt. No. 95, Exhibit 28 (Federal Circuit Case No. 2009-1591, Appellant's Opening Brief (Corrected) at 21) (where PartsRiver argued "The proposal was not an offer to sell the demo." ). In response, the Defendants argued that the AMP Navigator Demo was not only the subject of an offer for sale, but also embodied each and every element of the asserted claims. For example, the Defendants argued, "More than a year before filing the application, the inventors created demonstration software (the 'Demo') that -- as the District Court held based on the inventors' own admissions and PartsRiver's interrogatory answers--both embodies the asserted claims and was the subject of an offer for sale. The operation of the claimed method is illustrated by screenshots from the Demo." *See* Case No. 4:10-cv-04947-CW, Dkt. No. 95, Exhibit 29 (Federal Circuit Case No. 2009-1591, Brief for Appellees at 5). The Federal Circuit ultimately dismissed the appeal, denied without prejudice Kelora's motion to vacate, and remanded to this Court. *See* Case No. 4:10-cv-04947-CW, Dkt. No. 95, Exhibit 45 (Federal Circuit Case No. 2009-1591, Order, (Nov. 3, 2010)).

In the present actions, Defendants asserted that the AMP Navigator Demo is invalidating prior art. Throughout the current summary judgment proceedings, for example, Defendants have asserted that AMP Navigator Demo, in combination with other art, rendered the claims of the '821 patent invalid as obvious under 35 U.S.C. 103. *See* Defendants' Motion for Summary Judgment (9/15/2011) ("Motion") at 3-4 ("This Court determined in Case No. 09-811 that a program created by Danish and Kimbrough in 1992 called 'AMP Navigator' practices the 'guided search' method claimed by original claims 1 and 2 of the '821 patent. At the same time, this Court determined that the "AMP Navigator" program is prior art to the '821 patent and thus found original claims 1 and 2 invalid. Accordingly, the following screenshots from the 'AMP Navigator' program illustrate both the prior art to the '821 patent and the 'guided search' method originally claimed by the '821 patent"); Motion at 16:19 – 20 ("All of the asserted claims are

obvious in light of this Court's summary judgment ruling that the AMP Navigator software is § 102(b) 'on-sale bar' prior art."); Motion at 17:3 – 7 ("Because the Court has previously ruled that the AMP Navigator program is prior art that anticipates original claims 1 and 2 (and Kelora is precluded from challenging that judgment), the only remaining question before the Court is whether it would have been obvious to modify the AMP Navigator to include the additional limitations added to independent claims 1 and 9 during reexamination").[4]

In response, while challenging and without conceding that the AMP Navigator Demo was prior art, Kelora presented testimony from inventor Kris Kimbrough and expert Thomas Gafford as to how the AMP Navigator Demo functioned. *See* Declaration of Kris Kimbrough, ¶¶ 5 – 27; Declaration of Thomas A. Gafford ¶¶ 25 – 56. Kimbrough and Gafford testified that the AMP Navigator Demo actually prevented the so-called "resubmission" step set forth in the reexamined claims of the '821 patent and thus taught away from the inventions set forth in those claims. Mr. Gafford further testified that based on his analysis of the AMP Navigator Demo, it would not have been obvious to a person of ordinary skill in the art at the time of the invention to modify the AMP Navigator Demo to include "resubmission" as recited in claims 1 and 9 of the '821 patent. *See Id.;* Declaration of Thomas A. Gafford ¶¶ 30 – 33.

In their reply brief in support of their motion for summary judgment, Defendants once again asserted that the AMP Navigator Demo is invalidating prior art. "Accordingly, Defendants may use AMP Navigator - in combination with other prior art - to show that the reexamined claims are obvious." Case No. 4:10-cv-04947-CW, Dkt. No. 116 at 3 (Oct. 27, 2011).

Recently, the Defendants filed a supplemental motion for summary judgment of invalidity. In that motion, the Defendants again asserted that reexamined claims of the '821 patent were invalid under 35 U.S.C. Section 103 in view of the AMP Navigator Demo in

[4] The same is true of the earlier motion for summary judgment, entitled "Plaintiffs' Motion for Summary Judgment of Invalidity and/or No Liability Before Nov. 2, 2010" Case No. 4:10-cv-4947-CW, Dkt. No. 41, p. 4, where Defendants argued "This Court has already determined that the 'AMP Navigator' program was the first reduction to practice of the 'guided search' method claimed by original claim 1 in the '821 patent." In reply to Kelora's opposition, Defendants further argued that Kelora was precluded from arguing that the screenshots created by counsel for purposes of the motion did not "accurately show the operation of Danish's AMP Navigator program". Case No. 4:10-cv-4947-CW, Dkt. No. 62, p. 3.

combination with other art. *See* Defendants' Supplemental Brief In Support Of Their Renewed Motion For Summary Judgment Of Obviousness at 3. They concluded that "'rational underpinnings' would have led One of Ordinary Skill to adapt AMP Navigator to a stateless client-server environment and to use resubmission to maintain state information for multiple related searches in that adaptation." *Id.* at 6.

In response, Kelora observed that Defendants appeared to be retreating from their reliance on the AMP Navigator Demo, understandably given that it prevented resubmission and taught away from the reexamined claims directed to resubmission. *See* Kelora's Opposition To Defendants' Supplemental Brief In Support Of Their Renewed Motion For Summary Judgment Of Invalidity, Dkt. No. 447, at 5 ("Defendants improperly attempt to conflate AMP Navigator with the original claims of the '821, effectively relying on the original claims as prior art."). Kelora went on to explain why relying on the original claims as prior art was improper. *Id.*

Finally, in Defendants' Reply II, Defendants altogether abandoned their position that the AMP Navigator is prior art and conceded that the AMP Navigator software was not subject to any offer for sale. Reply II at 1:27 ("Danish's offer for sale under § 102(b) was not the ***source code*** for a ***demo***"); Reply II (1/25/12) at 2:14 – 16 ("[T]his demo software was ***not*** itself the subject of the offer for sale").

## III. <u>AMP NAVIGATOR DEMO SHOULD BE STRICKEN FROM THE PRIOR ART</u>

In the prior litigation, as discussed above, the Defendants asserted that the AMP Navigator Demo was the subject of a commercial offer for sale. PartsRiver opposed that assertion as Kelora does here. The Court, however, agreed with the Defendants and ruled that the AMP Navigator Demo anticipated the claims and thus was a bar to patentability under section 102(b).

As Kelora has challenged, and Defendants now concede, the AMP Navigator "demo software is ***not*** itself the subject of the offer for sale". Reply II (1/25/12) at 2:14 – 16. As such, it cannot be considered within the scope and content of the prior art and used against Kelora to invalidate the reexamined claims of the '821 patent.

With the removal of the AMP Navigator Demo from the prior art, all derivatives of the AMP Navigator Demo, should be likewise removed. The screen shots relied on by the

Defendants are at most a visible manifestation of the source code that was compiled and executed as the software program. As these were generated by counsel for Defendants by executing the AMP Navigator Demo software program, Decl. of Theodore Chandler (9/15/11), ¶6, the screenshots also do not have a separate basis for qualifying as prior art apart from the on-sale bar, and should be removed from the prior art with the AMP Navigator Demo.

## IV. CONCLUSION

Because Defendants concede that the AMP Navigator Demo was not itself the subject of any offer for sale, Kelora respectfully moves this Court to strike the AMP Navigator Demo from consideration as prior art in this action and to disregard all arguments by Defendants which rely on the AMP Navigator Demo or derivatives thereof to invalidate the claims of the '821 patent.

DATED: January 27, 2012

MANATT, PHELPS & PHILLIPS, LLP

By: /s/ Robert D. Becker

Robert D. Becker
Ronald S. Katz
Shawn G. Hansen
MANATT, PHELPS & PHILLIPS, LLP
1841 Page Mill Road, Suite 200
Palo Alto, CA 94304
Telephone: (650) 812-1300
Email: rbecker@manatt.com
Email: rkatz@manatt.com
Email: shansen@manatt.com

*Attorneys for*
KELORA SYSTEMS, LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 27, 2012, all counsel of record who are deemed to have consented to electronic service are being served, via the Court's CM/ECF system pursuant to Civil L.R. 5-4 and General Order 45, with a copy of the foregoing.

/s/ Robert D. Becker

301353202.2