IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBAY INC.; and MICROSOFT CORPORATION,<br><br>    Plaintiffs,<br><br>  v.<br><br>KELORA SYSTEMS, LLC,<br><br>    Defendant.<br>_____/ | No. C 10-4947 CW<br><br>ORDER DENYING KELORA'S MOTION TO STRIKE AND MOTION TO SHORTEN TIME ON MOTION TO STRIKE (Docket Nos. 129 and 130 in 10-4947, 107 and 108 in 11-1398, and 451 and 452 in 11-1548) |
| CABELA'S INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>KELORA SYSTEMS, LLC,<br><br>    Defendant.<br>_____/ | No. C 11-1398 CW |
| KELORA SYSTEMS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>TARGET CORPORATION; ROCKLER COMPANIES, INC.; AMAZON.COM, INC.; DELL, INC.; OFFICE DEPOT, INC.; NEWEGG INC.; COSTCO WHOLESALE CORPORATION; HEWLETT-PACKARD COMPANY; AUDIBLE, INC.; and ZAPPOS.COM, INC.,<br><br>    Defendants.<br>_____/<br><br>AND ALL RELATED COUNTERCLAIMS<br>_____/ | No. C 11-1548 CW |

1    Defendant/Counterclaim-Plaintiff and Plaintiff/Counter-claim
2 Defendant Kelora Systems, LLC has filed a motion to strike from
3 consideration the AMP Navigator prior art reference utilized by
4 Plaintiffs and Counterclaim-Defendants eBay, Inc., Microsoft
5 Corporation, Cabela's Inc. and Nebraska Furniture Mart, Inc.,
6 Defendants and Counterclaim-Plaintiffs Target Corporation, Rockler
7 Companies, Inc., Amazon.com, Inc., Dell, Inc., Office Depot, Inc.,
8 Newegg, Inc., Costco Wholesale Corporation, Hewlett-Packard
9 Company, Audible, Inc. and Zappos.com, Inc. (collectively,
10 Defendants) in connection with Defendants' arguments of
11 non-infringement and invalidity of Kelora's U.S. Patent No.
12 6,275,821 ('821 patent) due to obviousness and broadening during
13 re-examination.  Kelora has concurrently filed a motion to shorten
14 time on its motion to strike.
15    As the basis for striking the AMP Navigator prior art
16 reference, Kelora argues that Defendants changed their position
17 regarding the AMP Navigator program in their supplemental reply
18 filed on January 25, 2012.  Specifically, Kelora alleges that
19 Defendants stated for the first time in their supplemental reply
20 that the source code of the AMP Navigator software was not itself
21 the subject of the prior offer for sale previously addressed by
22 this Court and that this purported concession means that any
23 references to the AMP Navigator program should be stricken.
24 Kelora acknowledges that its motion to strike is untimely, <u>see</u>
25 Mot. to Strike at ii, and argues that it should be permitted to
26 raise this argument now because Defendants have only recently
27 reversed their position regarding the AMP Navigator program.
28

2

However, Kelora misstates the contents of Defendants' earlier filings. Defendants have repeatedly made this argument. <u>See, e.g.</u>, Defs.' First Reply in Supp. of Defs.' Mot. for Summ. J. at 11 ("But the AMP Navigator offer for sale placed the general <u>concept</u> claimed in original claim 1 in the prior art; the demo software was merely described as 'a demo of this approach,' . . . and none of the asserted claims are limited to any specific code for implementing the invention.") (emphasis in original); Defs.' Suppl. Mot. for Summ. J. at 9 ("Danish's offer for sale under § 102(b) did not place the source code in the prior art, but rather 'place[d] the claimed features . . . in the public's possession.'"). Defendants have previously argued against Kelora's reliance "on the specific source code of the AMP Navigator demo," at issue in Kelora's instant motion, <u>see, e.g.</u>, Defs.' Suppl. Mot. for Summ. J. at 9, and Kelora has already responded to this argument, <u>see</u> Kelora's Suppl. Opp. to Defs.' Suppl. Mot. for Summ. J. at 3. Defendants have consistently disputed Kelora's characterization of the AMP Navigator prior art and have not made the late reversal that Kelora purports.

Accordingly, the Court finds that Kelora's arguments to strike the AMP Navigator prior art reference and to permit Kelora to make this untimely filing are not well-taken. To the extent that Kelora seeks to utilize its new motion as a means to file a sur-reply to Defendants' motion for summary judgment, the Court finds that Kelora has had the opportunity to make these arguments at earlier times and has not provided a reason for the Court to allow it to do so at this late point.

3

1    For the reasons stated above, the Court DENIES Kelora's
2 motion to strike and Kelora's motion to shorten time to hear the
3 motion to strike (Docket Nos. 129 and 130 in 10-4947, 107 and 108
4 in 11-1398, and 451 and 452 in 11-1548).
5    IT IS SO ORDERED.

7 Dated: 1/31/2012                    _____
                                       CLAUDIA WILKEN
                                       United States District Judge