# EXHIBIT 2A

| | |
|---|---|
| **From:** | Swartzberg, Neil |
| **Sent:** | Monday, June 18, 2012 1:30 PM |
| **To:** | Chandler, Theodore; 'Fujiyama, Sandra S.' |
| **Cc:** | ManattKelora Team; Nelson, Nancy |
| **Subject:** | RE: kelora: meet & confer re: bill of costs |

Dear Ted and Sandra,

Pursuant to N.D.Cal. Civil L.R. 54-2, we would like schedule a telephonic meet and confer with you regarding Kelora's contemplated objections to the Bills of Costs that eBay and Microsoft filed on June 6, 2012.

In advance of that meet and confer, we have preliminarily outlined our concerns as set forth below. We hope that our providing this outline will allow the meet and confer to be both substantive and productive.

### Fees of the Clerk: $1350.00 (sought by eBay and Microsoft each)

*Filing Fees*
We believe that filing fees in connection with the 10-5106 case and the 10-5108 case of **$350.00 (sought by eBay and Microsoft each) is not recoverable**, because eBay/Microsoft only proceeded and prevailed on the 10-4947 case (not the 10-5106 or the 10-5108 cases).

*Pro Hac Vice Fees*
We believe that the *pro hac vice* fees of **$825.00 (sought by eBay and Microsoft each) is not recoverable**, including because such fees are simply an incidence to practicing law and not taxable under Section 1920(1). *See, e.g., Gidding v. Anderson*, 2008 WL 5068524, at *2 (N.D. Cal. Nov. 24, 2008); *Liberty Life Assur. Co. of Boston v. Ramos*, 2012 WL 10184, at *6 (D. Az. Jan. 03, 2012).
(Also, since eBay and Microsoft were represented by the same counsel, submitting separate applications for both eBay and Microsoft was duplicative and thus the unnecessary costs are not taxable.)

### Fees for service: $491.61 (sought by eBay and Microsoft each)

We believe that the service fees of **$491.61 (sought by eBay and Microsoft each) is not recoverable**, because eBay/Microsoft did not ask Kelora to waive service under FRCP 4(d). *See, e.g., Thompson v. LVNV Funding, LLC*, 2011 WL 846858 (D. Or. Mar. 09, 2011).
(Also, because eBay/Microsoft only proceeded and prevailed on the 10-4947 case (not the 10-5106 or the 10-5108 cases), the service fees for the 10-5106 or the 10-5108 cases are not taxable.)

### Fees for printed or electronically recorded transcripts: $21,598.13 (sought by eBay), $16,443.13 (sought by Microsoft)

*Court Reporter Transcript Fees*
With respect to court reporter fees, we believe that the **$344.15 (sought by eBay and Microsoft each) is not recoverable** because such costs are assumed, absent court order, not to be recoverable under local rule. *See* N.D.Cal. Civil. L.R. 54-3(b).

7/6/2012

*Deposition Transcript Fees*
With respect to deposition transcript fees, your clients are entitled (for each deposition) only to fees for either: 1) an original stenographic transcript and a copy (and exhibits); or 2) a videotape and a copy (and exhibits). In particular, deposition transcript fees should not include costs for: both a stenographic transcript and a videotape, roughs, Realtime, video services, expedited preparation, or delivery. *See, e.g.,* N.D.Cal. Civil L.R. 54-3(c); *ATS Products Inc. v. Ghiorso*, 2012 WL 1194151 (N.D.Cal. April 10, 2012); *Petroliam Nasional Berhad v. GoDaddy.com, Inc.*, 2012 WL 1610979 (N.D.Cal. May 08, 2012). Therefore, we believe that **$5,866.00 (sought by eBay) and $6,491.30 (sought by Microsoft) is not recoverable** because such costs are beyond the costs for either: 1) an original stenographic transcript and a copy (and exhibits); or 2) a videotape and a copy (and exhibits).

**Fees and disbursements for printing: $194.00 (sought by eBay)**

No comment.

**Fees for witnesses: $1,058.27 (sought by eBay and Microsoft each)**

No comment.

**Fees for exemplification and the costs of making copies: $162,466.25 (sought by eBay), $18,077.73 (sought by Microsoft)**

*Document Production Costs not reflected in invoices (e-discovery costs sought by eBay)*
With respect to document production (copying) costs sought by eBay, which are not reflected in invoices, the supporting Gallivan Declaration generally does appear to sufficiently specify that such costs are taxable. For example, the Gallivan Declaration makes references such as: "Production Setup ... assembling, ordering, tagging and QA"; "Production Imaging ... costs of feeding assembled documents into an image printer ... [and] de-blanking"; "Source Code ... isolating and presenting source code"; "Forensic Copy/Nonstandard Acquisition/Client Collection ... preserve[ing] eBay hard drive images ... [and] server data ... [and] email"; "Pre-Process Data ... us[ing] ... algorithms to certify the integrity of each document"; "Filter Post for Review ... isolating potentially responsive documents"; and "Data Mining ... identify[ing] terms, concepts and people that may be responsive". Gallivan Decl. ¶ 4. Cases such as the Third Circuit's recent decision in *Race Tires Am. Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158 (3d Cir. 2012), explain that production/copying costs taxable in connection with e-discovery are limited to costs for scanning and file format conversion of documents actually produced, and that taxable costs do not include other e-discovery costs, such as collection and processing for review. *See, e.g., id.* at 169-71 ("courts that have refused to award the costs of electronic discovery vendors beyond file format conversion have recognized that gathering, preserving, processing, searching, culling, and extracting ESI simply do not amount to 'making copies'"; "it is possible to tax only the costs incurred for the physical preparation of ESI produced in litigation"; "it may be that extensive 'processing' of ESI is essential to make a comprehensive and intelligible production. . . . [b]ut that does not mean that the services leading up to the actual production constitute 'making copies.' [¶] The process employed in the pre-digital era to produce documents in complex litigation similarly involved a number of steps essential to the ultimate act of production"). The *Race Tires* decision's narrow reading of 28 U.S.C. 1920 is consistent with the Supreme Court's May 21st opinion reversing a Ninth Circuit ruling that sought to read 28 U.S.C. 1920 broadly. *See, e.g., Taniguchi v. Kan Pacific Saipan, Ltd.,* --- S.Ct. ----, 2012 WL 1810216 (2012) at **8 ("[W]e have never held that Rule 54(d) creates a presumption of statutory construction in favor of the broadest possible reading of the costs enumerated in § 1920"; "Taxable costs are limited to relatively minor, incidental expenses as is evident from § 1920").

7/6/2012

Therefore, we believe that almost all such entries are insufficiently specific and that the total of such entries in the amount of **$161,266.25 is not recoverable.**

**Document Production Costs reflected in invoices (e-discovery costs sought by Microsoft)**
With respect to document production (copying) costs sought by Microsoft, which are ostensibly supported by invoices, the invoices indicate that the costs sought are not taxable or they do not sufficiently specify that the costs sought are taxable. For example, the 10/28/11 Invoice makes reference to "Search Terms ... $2,420.25", "Export ... $1,272.00" and "Project management ... $240.00," but the costs using search terms to locate potentially responsive documents is not taxable, it is not clear whether the "exporting" that was done so as to produce documents (as opposed to exporting for pre-production review), and professional fees associated with e-discovery are generally not recoverable. *See, supra,* citations to *Race Tires*, 674 F.3d 158, and *Taniguchi*, --- S.Ct. ----, 2012 WL 1810216. Therefore, we believe all such entries are insufficiently specific and that the total of such entries in the amount of **$18,077.73 is not recoverable**. (The 12/27/11 Invoice has two entries apparently relating to "52,240" "bates number[ed]" documents. To the extent those entries correlate to the conversion and Bates numbering of document actually produced, the associated costs (totaling $992.56) would be taxable.)

***

Based on the above, of the **$187,158.26** sought by eBay and **$37,420.74** sought by Microsoft, Kelora currently intends to object to a total of at least **$169,093.01 as not recoverable by eBay** and **$26,529.79 as not recoverable by Microsoft.**

Please let us know your availability early this week to meet and confer, including to possibly reach a compromise on the costs Kelora would be willing to pay. If you do not have such availability during the time requested, please let us know if you will agree to an extension of the deadline to file objections to the Bills of Costs, so that we can have a meaningful meet and confer.

Best-

Neil Swartzberg
Manatt, Phelps & Phillips, LLP
1841 Page Mill Road, Suite 200
Palo Alto, CA  94304
(650) 812-1300 Main
(650) 812-1353  Direct
nswartzberg@manatt.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail at nswartzberg@manatt.com or by telephone at (650) 812-1353, and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

7/6/2012