# EXHIBIT 2B



| | |
|---|---|
| SIDLEY AUSTIN LLP<br>555 WEST FIFTH STREET<br>LOS ANGELES, CA 90013<br>(213) 896 6000<br>(213) 896 6600 FAX | BEIJING          LOS ANGELES<br>BRUSSELS       NEW YORK<br>CHICAGO        PALO ALTO<br>DALLAS            SAN FRANCISCO<br>FRANKFURT   SHANGHAI<br>GENEVA          SINGAPORE<br>HONG KONG  SYDNEY<br>HOUSTON      TOKYO<br>LONDON         WASHINGTON, D.C. |
| tchandler@sidley.com<br>(213) 896-5830 | FOUNDED 1866 |

June 26, 2012

**By E-Mail**

Neil Swartzberg, Esq.
Manatt, Phelps & Phillips, LLP
1841 Page Mill Road, Suite 200
Palo Alto, CA 94304
(650) 812-1353
<nswartzberg@manatt.com>

      Re:    *eBay, Inc. et al. v. Kelora Sys., LLC*, No. 10-4947 (N.D. Cal. filed Nov. 2, 2010)
            <u>Our reference:  10171-80390</u>

Dear Neil:

     Below are eBay and Microsoft's preliminary responses to Kelora's preliminary objections (which you emailed to me on June 18, 2012) to the Bills of Costs filed by eBay and Microsoft on June 6, 2012, *see* ECF Nos. 159–61.  I am available to meet and confer either tomorrow or Thursday after 1:30pm Pacific.  Please let me know when is convenient for you.

**I.**     <u>**Filings Fees**</u>

     **A.**     <u>**Kelora's objections**</u>

     We believe that filing fees in connection with the 10-5106 case and the 10-5108 case of **$350.00** <u>(sought by eBay and Microsoft each) is not recoverable</u>, because eBay/Microsoft only proceeded and prevailed on the 10-4947 case (not the 10-5106 or the 10-5108 cases).

     **B.**     <u>**eBay and Microsoft's response**</u>

     As explained in ¶ 5 of the Chandler Declaration (June 6, 2012) [ECF No. 161], Case Nos. 10-4947 (filed by eBay and Microsoft), 10-5106 (filed by eBay), and 10-5108 (filed by Microsoft), were all consolidated by Judge Wilken into Case No. 10-4947 for administrative convenience.  *See* Case No. 10-4947, ECF No. 70 at 10:25–11:2 (May 9, 2011) (consolidating eBay and Microsoft's cases against Kelora).  Thus when eBay and Microsoft prevailed in Case No. 10-4947, they also prevailed on their complaints in Case Nos. 10-5106 and 10-5108 and are entitled to recover the small amount of costs that were incurred in those cases before they were consolidated into 10-4947.



Neil Swartzberg, Esq.
June 26, 2012
Page 2

      Furthermore, the reason three actions were filed by eBay and Microsoft is because Kelora wrongfully failed to disclose that it had assumed ownership of the '821 patent-in-suit, which is why eBay and Microsoft initially filed suit against PartsRiver (the previous owner) instead of Kelora, as explained in ¶¶ 5–7 of the Ascolese Declaration (Feb. 24, 2011) [ECF No. 95]:

> 5. On November 2, 2010, I filed on behalf of eBay and Microsoft the declaratory judgment action against PartsRiver in Case No. 10-4947. *See* Ex. 44. Shortly before filing this complaint, I checked the Patent Office's website to verify that PartsRiver still owned the '821 patent. *See* <http://assignments.uspto.gov/>. At that time, the website indicated that PartsRiver still owned the '821 patent. Furthermore, I knew that PartsRiver was pursuing an appeal against eBay and Microsoft involving the validity of the '821 patent, *see* Exs. 26, 28, 32, and that PartsRiver had recently filed briefs with the Federal Circuit as part of that appeal, *see* Exs. 40, 42.
>
> 6. After I filed the complaint on November 2, 2010, I was surprised to learn that on or about October 7, 2010, PartsRiver had secretly assigned rights in the '821 patent to a new entity named Kelora Systems, LLC. *See* Exs. 34–35, 37–39.
>
> 7. Before I filed the complaint on November 2, 2010, neither PartsRiver, Kelora, nor their lawyers at Manatt, Phelps & Phillips, LLP ever disclosed to me, my clients, the other lawyers working with me on the case, or the Federal Circuit that any rights in the '821 patent had been assigned to Kelora.

      Secretly assigning ownership of a patent without informing the Court (the Federal Circuit in this case) or opposing counsel is sanctionable. *See, e.g.*, *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1205–06 (Fed. Cir. 2005). Rather than seek sanctions, eBay and Microsoft are merely seeking recovery of the small amount of costs that were incurred in Case Nos. 10-5106 and 10-5108 before they were consolidated into 10-4947.

**II.**   <u>**Pro Hac Vice Fees**</u>

    **C.**   <u>**Kelora's objections**</u>

      We believe that the *pro hac vice* fees of <u>**$825.00** (sought by eBay and Microsoft each) is not recoverable</u>, including because such fees are simply an incidence to practicing law and not taxable under Section 1920(1). *See, e.g., Gidding v. Anderson*, 2008 WL 5068524, at *2 (N.D. Cal. Nov. 24, 2008); *Liberty Life Assur. Co. of Boston v. Ramos*, 2012 WL 10184, at *6 (D. Az. Jan. 03, 2012).

      (Also, since eBay and Microsoft were represented by the same counsel, submitting separate applications for both eBay and Microsoft was duplicative and thus the unnecessary costs are not taxable.)



Neil Swartzberg, Esq.
June 26, 2012
Page 3

    **D.**    **eBay and Microsoft's response**

*Pro hac vice* fees are recoverable in the Northern District of California. You cite to a 2008 case from the Northern District of California, but more recent decisions from the Northern District of California have allowed *pro hac vice* fees. *See, e.g., Gutierrez v. Wells Fargo Bank, N.A.*, 2010 WL 5025663, at *1 (N.D. Cal. Dec. 3, 2010) (Alsup, J.) (allowing pro hac vice fees to be recovered as costs because "[t]his is a national Court, and attorneys from out of state apply to and are granted leave to practice before this Court very often"), *amended*, 2011 WL 115481 (N.D. Cal. Jan. 13, 2011).

Furthermore, *pro hac vice* fees were allowed in the Bills of Costs filed in the earlier *PartsRiver* litigation in the Northern District of California, which involved the same patent. *See, e.g.*, Case No. 09-811, ECF No. 248 (Sept. 4, 2009) (requesting $315 for *pro hac vice* fees); *id.* ECF No. 248 (Oct. 6, 2009) (allowing $315 for *pro hac vice* fees). There is no reason for a different result this time around.

Finally, eBay and Microsoft were required to pay the clerk *pro hac vice* fees for each of the three actions they filed. The reason there were three actions is explained above. *See supra* § B, p. 1. In short, Kelora is to blame for the fact there were three actions.

**III.**    **Fees for Service**

    **E.**    **Kelora's objections**

We believe that the service fees of **$491.61** (sought by eBay and Microsoft each) is not recoverable, because eBay/Microsoft did not ask Kelora to waive service under FRCP 4(d). *See, e.g., Thompson v. LVNV Funding, LLC*, 2011 WL 846858 (D. Or. Mar. 09, 2011).

(Also, because eBay/Microsoft only proceeded and prevailed on the 10-4947 case (not the 10-5106 or the 10-5108 cases), the service fees for the 10-5106 or the 10-5108 cases are not taxable.)

    **F.**    **eBay and Microsoft's response**

Fees for service of the summons and complaint are clearly taxable. *See* Civil L.R. 54-3(a)(2). There is no requirement in 28 U.S.C. § 1920, Rule 54, or Civil L.R. 54 that the plaintiff *must* ask the defendant to waive service as a condition for recovering fees for service of the summons and complaint. Rule 4(d) imposes a duty on the ***defendant***, not the plaintiff, "to avoid unnecessary expenses of serving the summons," and merely states that the "plaintiff *may* notify such a defendant that an action has been commenced and request that the defendant waive service of a summons"; there is no requirement that the plaintiff *must* request a waiver.

The case you cite — *Thompson v. LVNV Funding, LLC*, No. 10-1042, 2011 WL 846858 (D. Or. Mar. 9, 2011) — did not apply the Northern District of California rule. Furthermore, the court in *Thompson* simply exercised its discretion to not award the cost of service; it did not cite a mandate that such service of process costs are *only* recoverable when a defendant has refused



Neil Swartzberg, Esq.
June 26, 2012
Page 4

to waive service. Thus, in other cases, courts ***have*** awarded the cost of service even where a plaintiff did not seek a waiver from the defendant. *See, e.g.*, *Marcus & Millichap Real Estate Investment Servs. Inc. v. Sekulovski*, No. 07-5369, 2010 WL 145785, at *8 (N.D. Ill. Jan. 12, 2010) (awarding $400 in costs for formal service of the complaint, even though no waiver was requested under Rule 4(d)).

Finally, eBay and Microsoft were required to serve the summons and complaint for each of the three actions they filed. The reason there were three actions is explained above. *See supra* § B, p. 1. In short, Kelora is to blame for the fact there were three actions. Furthermore, the fees associated with Case Nos. 10-5106 and 10-5108 ($133.34 for eBay, and $133.34 for Microsoft) were much smaller than the fees associated with Case No. 10-4947 ($716.54 combined for eBay and Microsoft).

## IV. Court Reporter Transcript Fees

### G. Kelora's objections

With respect to court reporter fees, we believe that the **$344.15** (sought by eBay and Microsoft each) is not recoverable because such costs are assumed, absent court order, not to be recoverable under local rule. *See* N.D.Cal. Civil. L.R. 54-3(b).

### H. eBay and Microsoft's response

28 U.S.C. § 1920(2) permits recovery of "[f]ees for printed . . . transcripts necessarily obtained for use in the case." As explained in ¶ 5 of the Chandler Declaration (June 6, 2012) [ECF No. 161], "These transcripts were necessarily obtained for use in the case. For example, each of these transcripts was used in support of the motion for summary judgment of invalidity filed by eBay and Microsoft. *See* ECF No. 94-3 at 347–79 (Sept. 15, 2011) (transcript of hearing on Mar. 17, 2011); ECF No. 94-4 at 99–132 (Sept. 15, 2011) (transcript of hearing on May 5, 2011); ECF No. 124 at 29–102 (Jan. 13, 2012) (transcript of hearing on Dec. 1, 2011). That motion for summary judgment was granted, resulting in the final judgment in favor of eBay and Microsoft."

In addition, Civil L.R. 54-3(b)(1) states, "[t]he cost of transcripts necessarily obtained for an appeal is allowable." Now that Kelora has filed a notice of appeal, *see* ECF Nos. 163–64, these transcripts will be used by eBay and Microsoft on appeal to uphold the Court's grant of summary judgment. Also, in a multi-party patent case like this, it was reasonable for eBay and Microsoft to order each of these transcripts. *See, e.g.*, *LG Elecs., Inc. v. Bizcom Elecs., Inc.*, No. 01-1375, at 9–10 (N.D. Cal. July 21, 2005) (Wilken, J.) (allowing recovery of all court reporters' fees in patent case).



Neil Swartzberg, Esq.
June 26, 2012
Page 5


### V. Deposition Transcript Fees

#### I. Kelora's objections

With respect to deposition transcript fees, your clients are entitled (for each deposition) only to fees for either: 1) an original stenographic transcript and a copy (and exhibits); or 2) a videotape and a copy (and exhibits). In particular, deposition transcript fees should not include costs for: both a stenographic transcript and a videotape, roughs, Realtime, video services, expedited preparation, or delivery. *See, e.g.,* N.D.Cal. Civil L.R. 54-3(c); *ATS Products Inc. v. Ghiorso*, 2012 WL 1194151 (N.D.Cal. April 10, 2012); *Petroliam Nasional Berhad v. GoDaddy.com, Inc.*, 2012 WL 1610979 (N.D.Cal. May 08, 2012). Therefore, we believe that **$5,866.00** (sought by eBay) and **$6,491.30** (sought by Microsoft) is not recoverable because such costs are beyond the costs for either: 1) an original stenographic transcript and a copy (and exhibits); or 2) a videotape and a copy (and exhibits).

#### J. eBay and Microsoft's response

The Federal Circuit has held that the cost of ***both*** the transcript ***and*** the videotape of a deposition are recoverable under 28 U.S.C. § 1920 and the local rules of the Northern District of California. *See In re Ricoh Co., Ltd. Patent Litigation*, 661 F.3d 1361, 1370 (Fed. Cir. 2011). The Federal Circuit's decision is consistent with prior decisions in the Northern District of California. *See, e.g.*, *Meier v. United States*, No. 05-4404, 2009 WL 982129, at *1 (N.D. Cal., Apr. 13, 2009) (Alsup, J.) (allowing recovery of both). The other costs (e.g., roughs, Realtime, expedited preparation, delivery) varied by deposition, and were only incurred by Defendants when necessary under the circumstances, and thus are recoverable. *See id.* Indeed, at the time Defendants incurred these costs, they did not know whether or not they would recover their costs in the case, and thus Defendants would not have incurred these costs unless they were necessary, which they were at the time.

Moreover, the very case you cite — *Petroliam Nasional Berhad v. GoDaddy.com, Inc*., No. 09-5939, 2012 WL 1610979 (N.D. Cal. May 8, 2012) (Hamilton, J.) — holds that "the charge for 'shipping and handling' can reasonably be viewed as part of 'the cost of an original and one copy of any deposition.'" *Id.* at *2. Also, courts award the cost of realtime transcripts when reasonably necessary. *See, e.g.*, *Komperda v. Hilton Hotels Corp.*, No. 08-422, 2010 WL 3489594, *10 (D. Haw. Aug. 31, 2010). Here, the realtime transcripts were reasonably necessary to comply with impending discovery deadlines, prepare summary judgment briefs and for trial. For example, fact discovery closed on February 3, 2012; expert discovery was set to close on May 1; a final pretrial conference was set for June 27; and trial was to start on July 16, 2012. It was reasonable to use realtime transcripts for depositions scheduled close to those deadlines.



Neil Swartzberg, Esq.
June 26, 2012
Page 6


## VI.  Fees for Making Copies

### K.  Kelora's objections

With respect to document production (copying) costs sought by eBay, which are not reflected in invoices, the supporting Gallivan Declaration generally does appear to sufficiently specify that such costs are taxable.  For example, the Gallivan Declaration makes references such as: "Production Setup ... assembling, ordering, tagging and QA"; "Production Imaging ... costs of feeding assembled documents into an image printer ... [and] de-blanking"; "Source Code ... isolating and presenting source code"; "Forensic Copy/Nonstandard Acquisition/Client Collection ... preserve[ing] eBay hard drive images ... [and] server data ... [and] email"; "Pre-Process Data ... us[ing] ... algorithms to certify the integrity of each document"; "Filter Post for Review ... isolating potentially responsive documents"; and "Data Mining ... identify[ing] terms, concepts and people that may be responsive".  Gallivan Decl. ¶ 4.

Cases such as the Third Circuit's recent decision in *Race Tires Am. Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158 (3d Cir. 2012), explain that production/copying costs taxable in connection with e-discovery are limited to costs for scanning and file format conversion of documents actually produced, and that taxable costs do not include other e-discovery costs, such as collection and processing for review.  *See, e.g., id.* at 169-71 ("courts that have refused to award the costs of electronic discovery vendors beyond file format conversion have recognized that gathering, preserving, processing, searching, culling, and extracting ESI simply do not amount to 'making copies'"; "it is possible to tax only the costs incurred for the physical preparation of ESI produced in litigation"; "it may be that extensive 'processing' of ESI is essential to make a comprehensive and intelligible production. . . .  [b]ut that does not mean that the services leading up to the actual production constitute 'making copies.' [¶] The process employed in the pre-digital era to produce documents in complex litigation similarly involved a number of steps essential to the ultimate act of production").  The *Race Tires* decision's narrow reading of 28 U.S.C. 1920 is consistent with the Supreme Court's May 21st opinion reversing a Ninth Circuit ruling that sought to read 28 U.S.C. 1920 broadly.  *See, e.g., Taniguchi v. Kan Pacific Saipan, Ltd.,* --- S.Ct. ----, 2012 WL 1810216 (2012) at **8 ("[W]e have never held that Rule 54(d) creates a presumption of statutory construction in favor of the broadest possible reading of the costs enumerated in § 1920"; "Taxable costs are limited to relatively minor, incidental expenses as is evident from § 1920").

Therefore, we believe that almost all such entries are insufficiently specific and that the total of such entries in the amount of **$161,266.25** is not recoverable.

With respect to document production (copying) costs sought by Microsoft, which are ostensibly supported by invoices, the invoices indicate that the costs sought are not taxable or they do not sufficiently specify that the costs sought are taxable.  For example, the 10/28/11 Invoice makes reference to "Search Terms ... $2,420.25", "Export ... $1,272.00" and "Project management ... $240.00," but the costs using search terms to locate potentially responsive documents is not taxable, it is not clear whether the "exporting" that was done so as to produce documents (as opposed to exporting for pre-production review), and professional fees associated



Neil Swartzberg, Esq.
June 26, 2012
Page 7

with e-discovery are generally not recoverable. *See, supra,* citations to *Race Tires*, 674 F.3d 158, and *Taniguchi,* --- S.Ct. ----, 2012 WL 1810216.

Therefore, we believe all such entries are insufficiently specific and that the total of such entries in the amount of **$18,077.73 is not recoverable**. (The 12/27/11 Invoice has two entries apparently relating to "52,240" "bates number[ed]" documents. To the extent those entries correlate to the conversion and Bates numbering of document actually produced, the associated costs (totaling $992.56) would be taxable.)

**L.     eBay and Microsoft's response**

As explained in ¶ 5 of the Chandler Declaration (June 6, 2012) [ECF No. 161]:

> The amounts claimed by eBay and Microsoft reflect the cost of making source code available for inspection in compliance with N.D. Cal. Patent L.R. 3-4(a) and for producing other documents in the format specified by Kelora in the Joint Case Management Statement:
>
>> The parties agree presumptively to produce non-source code documents in an electronic format to be agreed upon (e.g., TIFF files with a Concordance compatible load file) and to reasonably accommodate one another's requests for OCR and load-file information to allow processing of production documents by the receiving party. Additionally, the parties agree to reasonably accommodate one another's requests for production of certain documents in native format, such as financial information in native Excel format, to facilitate use by each party and their experts.

See ECF No. 38 at 8:8–:15 (Mar. 10, 2011).

The cost of these "e-discovery" fees are recoverable. 28 U.S.C. § 1920 was amended in 2008 to permit recovery of "[f]ees for exemplification ***and the costs of making copies of any materials***." Thus, according to the Federal Circuit (in a case arising out of the Northern District of California), "the costs of producing a document ***electronically*** can be recoverable." *See In re Ricoh Co., Ltd. Patent Litigation*, 661 F.3d 1361, 1365–66 (Fed. Cir. 2011) (holding that "[t]he district court did not err in concluding that Synopsys's act of making available all of the requested e-mail to Ricoh through Stratify constituted electronic production of the e-mail. We do not consider any of the Stratify database costs to fall into the unrecoverable category of 'intellectual efforts.' *See Romero v. City of Pomona,* 883 F.2d 1418, 1428 (9th Cir. 1989), *overruled in part on other grounds by Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1363 (9th Cir. 1991).")

The e-discovery fees incurred by Defendants were necessary to comply with the format for production specified by Kelora. *See AmeriPride Servs., Inc. v. Valley Indus. Serv., Inc.*, No. 00-113, 2012 WL 1641749, at *3 (E.D. Cal. May 9, 2012) (allowing e-discovery costs because "[i]mporting, coding and OCR (optical character recognition) were necessary to produce the documents as [the other side] demanded").



Neil Swartzberg, Esq.
June 26, 2012
Page 8


Fees for "project management" by e-discovery vendors is also recoverable so long as those fees are associated with the "physical preparation and duplication of documents, not the intellectual effort involved in their production." *Jardin v. DATAllegro, Inc.*, No. 08-1462, 2011 WL 4835742, at *8 (S.D. Cal. Oct. 12, 2011).

To the extent the *Race Tires* case you cite is to the contrary, it is from another circuit and thus is not binding authority. *See In re Online DVD Rental Antitrust Litigation*, No. 09-2029, 2012 WL 1414111, at *1 (N.D. Cal. Apr. 20, 2012) (Hamilton, J.) (declining to follow *Race Tires* and holding that "broad construction of section 1920 with respect to electronic discovery production costs — under the facts of this case — is appropriate"). Other circuits appear to disagree with the holding of *Race Tires*, including the Federal Circuit as discussed above. *See also Hecker v. Deere & Co.*, 556 F.3d 575, 591 (7th Cir. 2009) (affirming fees for "converting computer data into a readable format in response to plaintiffs' discovery requests").

Finally, the Supreme Court case you mention relates to fees for compensation of interpreters, which is not what Defendants are seeking. *See Taniguchi v. Kan Pacific Saipan, Ltd.*, 132 S. Ct. 1997 (2012).

Your objections appear to complain about the cost of using search terms in connection with making copies of electronic documents. The use of search terms is a standard and reasonable practice and dramatically **reduces** the costs of document production by reducing the number of irrelevant documents that must be copied and produced.

With respect to eBay, the Gallivan Declaration (June 6, 2012) [ECF No. 161, at 115–17] provides a detailed description of each service provided by eBay's e-discovery vendor and the amount charged for that service. Under the caselaw discussed above, these costs are recoverable.

With respect to Microsoft, the invoices produced by Microsoft [ECF No. 161, at 118–132] provide a detailed description of each service provided by Microsoft's e-discovery vendor and the amount charged for that service. Under the caselaw discussed above, these costs are recoverable.


                                        Sincerely,

                                        Theodore W. Chandler